**Deborah Keene MILLER, Appellant,**

v.

**Douglas W. MILLER, Appellee.**

**No. 05–84–01082–CV.**

Court of Appeals of Texas, Dallas.

Jan. 30, 1986.

Rehearing Denied March 19, 1986.

Steven G. Condos, Dallas, for appellant.

Donald R. Mopsik, Dallas, for appellee.

Before VANCE, HOWELL and ZIMMERMANN, JJ.

HOWELL, Justice.

This is an appeal from an order enforcing a consent decree in a divorce action. Because the trial court improperly considered post-judgment events and transactions, we reverse the judgment and dismiss.

Husband and Wife agreed to a consent decree in a divorce action. The parties each owned an undivided one-half interest in a parcel of land. The decree ordered that the property be sold for not less than $176,000. Husband was to receive $12,500 from the sale proceeds. Although the parties agreed on the decree in March 1983, it was not signed by the judge until November. In September, Husband conveyed his interest in the land to Wife. After Wife sold the property, Husband moved to enforce the decree's award of $12,500.

At the hearing held on the motion, Wife argued that Husband's conveyance extinguished any right he had in the property. The trial court reduced Husband's share of the proceeds to $10,375, apparently because the property sold for less than the $176,000 called for in the decree. Wife appeals, arguing that the trial court erred in failing to give effect to the September transaction.

■ We conclude that the trial court could not have done so and should have dismissed the proceedings. The decree, although signed in November, related to the status of the parties at the close of the evidence. Any event after that time could not be considered without reopening the evidence.

Section 3.71 of the Family Code provides: A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. Further orders may be entered to enforce the division, but these orders shall be limited to orders in aid of or in clarification of the prior order.... An order under this action that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court to enter and is unenforceable.

TEX.FAM.CODE § 3.71 (Vernon 1985). The trial court erred in considering any subsequent transaction, except for the purpose of determining if it was a sham or subterfuge to avoid compliance with the decree. The sole issue before the court in an enforcement proceeding is compliance with the decree *as written*. The record is clear that Wife is resisting enforcement on the basis of a litigable claim arising after the close of the evidence in the divorce case. Upon such showing, the court's power to entertain a motion for enforcement, a summary procedure, was concluded. Motions to enforce were not intended as substitutes for trials upon the merits. The trial court should have dismissed the proceedings when it became apparent that Wife was possessed of a bona fide claim to the $12,500 in dispute, upon the basis of subsequent transaction.

■ The trial court reduced the amount owed to the Husband from $12,500 to $10,-375. This portion of the order further altered the substantive division of the property and exceeded the court's power. TEX. FAM.CODE § 3.71(b) (Vernon 1985).

In summary, the present dispute between the parties turns upon a transaction that occurred after the evidence closed in the divorce case; that is, the terms and conditions under which Husband delivered a deed to Wife. Husband has chosen the wrong vehicle to obtain relief for reason that the divorce court cannot adjudicate the effect of the subsequent transaction. We reverse the order of the trial court and dismiss without prejudice the motion to enforce the court's decree.