**Douglas W. MILLER, Petitioner,**

v.

**Deborah Keene MILLER, Respondent.**

No. C–5274.

Supreme Court of Texas.

Dec. 17, 1986.
Rehearing Denied Jan. 28, 1987.

Steven G. Condos, Dallas, for petitioner.

Donald R. Mopsik, Dallas, for respondent.

## OPINION

SPEARS, Justice.

This appeal is from a trial court post-divorce order enforcing a consent decree in a divorce case. The court of appeals reversed the trial court judgment and dismissed the cause. 705 S.W.2d 770. We reverse the judgment of the court of appeals and render judgment for petitioner, Douglas Miller.

■ We have jurisdiction to consider this appeal because this is a motion to enforce an agreement between the parties concerning disposition of their home. This court has taken jurisdiction over post-divorce motions or suits to enforce or construe property agreements incorporated in divorce decrees. *Cornell v. Cornell*, 413 S.W.2d 385 (Tex.1967).

Deborah Keene Miller and Douglas Miller were divorced by decree dated November 29, 1983. In that Consent Decree, signed by both parties, the trial court found that the parties entered into an agreement to place their house on the market at $176,000, and an agreement concerning the allocation and distribution of the proceeds of the sale of the property. Douglas was to receive $12,500 from the proceeds of the sale. The trial court ordered that the property be sold "for a price of not less than $176,000 or such other amount as the parties herein agree," and awarded Douglas a judgment of $12,500 from the proceeds of the sale.

The parties entered into this agreement in March, 1983, but the judgment was not signed by the court until November, 1983. In September, 1983, Douglas conveyed his interest in the property to Deborah. After the property was sold in March, 1984, Douglas brought this motion to enforce to obtain his $12,500. Deborah filed no pleadings, but at the hearing Deborah contested the motion contending that when Douglas deeded her the property in September, the parties entered into a different agreement

for division of the proceeds. The trial court rendered an order for Douglas, but reduced the amount of the award to $10,-375. The court of appeals reversed, holding that when Deborah resisted the motion to enforce based on a claim arising after the close of evidence in the divorce case, the trial court should have dismissed the enforcement proceeding.

If Deborah is seeking to show that she did not consent to the decree entered, she should have presented any change in the agreement or circumstances to the trial court prior to the signing of the decree. The parties may have entered into a new agreement after the parties agreed to the $12,500 award in March, but this new agreement and the deed of the property to Deborah were prior to the date the divorce decree was signed on November 29, 1983. While consent to an agreed judgment must exist at the time the agreement becomes the judgment of the court, *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951), this lack of consent must be made known to the trial court. *Dodson v. Seymour*, 664 S.W.2d 158 (Tex.App.—San Antonio 1983, no writ).

Since this is a judgment based on an agreement between the parties, Douglas, in seeking to enforce this provision of the decree, is seeking to enforce the contract in the decree. The law of contracts will govern the interpretation of the decree based on a property settlement agreement. *Allen v. Allen*, 717 S.W.2d 311 (Tex.1986). Deborah testified that a new contract had been entered when Douglas deeded the property to her. The trial court, however, refused to enforce Deborah's alleged new agreement that the house would be sold for the best price and that the parties would split the residue 25%/75% after all third parties were paid off. Thus, there is an implied finding by the trial court that there was no valid new agreement. *Construction and General Labor Union v. Stephenson*, 148 Tex. 434, 225 S.W.2d 958 (1950). There is evidence to support this finding since Douglas testified that there was no new agreement.

The mere fact that Douglas deeded his interest in the property to Deborah does not change the prior agreement. Consideration recited in the deed was $10 and assumption of a note, not cancellation of the prior agreement. Deborah did not argue at the hearing that when Douglas deeded his interest in the property to her he gave up his claim to any proceeds of the sale. Instead, she argued that they entered into a new agreement for the division of the proceeds at that time.

The trial court clearly had jurisdiction to consider Deborah's defense of the deed and a new agreement in determining whether to, or how to, enforce the divorce decree. The trial court found no new agreement. Therefore, the trial court correctly ordered enforcement of the decree.

Douglas also complains of the trial court's reduction of his award to $10,375. We agree with Douglas that the trial court should not have reduced the award. The divorce decree contemplated that the property could be sold for a lesser amount than $176,000. The award to Douglas, however, was a specific $12,500. Under the terms of the decree, if Douglas agreed or did not agree to a smaller sales price, he would still be entitled to $12,500.

Therefore, we reverse the judgment of the court of appeals and render judgment for Douglas in the amount of $12,500.