In The



Court of Appeals


 

Ninth District of Texas at Beaumont



____________________



NO. 09-09-00281-CV


 ____________________



IN THE INTEREST OF A.H. AND B.H.






On Appeal from the County Court at Law No. 1


Montgomery County, Texas


Trial Cause No. 01-03-01958 CV 






MEMORANDUM OPINION



 Appellant, S.G., appeals pro se. S.G. contends (1) the trial court erred in allowing a
fraud when the original petition of divorce was "switched" without her knowledge; (2) the
trial court disregarded its own prior rulings; (3) her counsel was ineffective because she
placed S.G. in a mediation room with J.H.; (4) her counsel was ineffective because she was
unprepared and did not ask for a continuance; (5) the trial court erred in allowing her ex-husband to retain primary custody of their children; and (6) the trial court erred in allowing
her ex-husband to refuse to turn over discovery and to retain all of the community property. 

 The agreed final divorce decree was signed April 25, 2002. The final decree awarded
J.H. the right to determine the children's primary residence and the exclusive right to their
daily care, custody, and control, subject to periods of possession by S.G. In January 2007,
J.H. filed a petition to modify the parent-child relationship seeking, among other things, an
increase in child support payments. Appellant filed a counter-petition. The case was
dismissed for want of prosecution and then reinstated. Appellant filed an amended counter-petition, and a motion to compel discovery and for sanctions. 

 S.G. and J.H. reached a mediated settlement agreement as to the modification suit. 
The agreement stated, in part, that J.H. would continue to be primary joint managing
conservator and attend counseling within two weeks, and that S.G. was to pay J.H. $200 in
child support per month starting August 1, 2009.

 The only items left unresolved for the court were retroactive child support, post-divorce division of property and any related sanctions, and the cost of a consultant's report. 
Both parties were represented by counsel at the mediation, and the parties signed the
agreement.

 At the modification hearing following the agreement, both parties were represented
by counsel. S.G. argued that J.H. had not attended counseling in accordance with the
agreement. J.H. testified his appointment with the counselor was scheduled. The trial court
accepted the agreement and stated if J.H. did not attend the scheduled appointment, S.G.
should bring that to the trial court's attention within thirty days, and the trial court would
grant a new trial.

 The trial court heard evidence as to the issues not resolved by the parties' agreement. 
The trial court rendered judgment on the agreement, denied J.H.'s request for retroactive
child support, ordered J.H. to pay the cost of the consultant's report, and denied S.G.'s
request for post-divorce property partition. S.G. timely filed a motion for new trial. After
a hearing, the trial court denied her motion for new trial, and S.G. filed a notice of appeal. 
 In her first issue, S.G. argues that J.H. and his counsel in 2002 presented the proposed
agreed divorce decree to her for her approval. She claims the proposed agreed divorce
decree that she signed gave her custody of the children and ordered J.H. to pay her $700 in
monthly child support. She asserts that the decree she purportedly signed was "switched,"
and the agreed divorce decree was a fraud. 

 Appellant argues she was "alerted to the fact that the decrees had been switched"
when appellee "returned from court" in 2002. While appellant argues that she "aggressively"
pursued correction of the alleged fraud, she does not explain why the signed judgment was
not appealed in 2002. Agreed judgments have binding force and effect and generally are
subject to collateral attack only if the court that signed the judgment lacked jurisdiction. See
Biaza v. Simon, 879 S.W.2d 349, 354 (Tex. App.--Houston [14th Dist.] 1994, writ denied);
see also Hardin v. Hardin, 597 S.W.2d 347, 350 (Tex. 1980) (An unappealed Texas divorce
judgment is not subject to a collateral attack in a subsequent suit.). Furthermore, generally
an objection must be raised in the trial court to preserve the issue for appeal. See Tex. R.
App. P. 33.1. S.G. did not appeal the final divorce decree, and she did not raise the issue of
lack of consent in the trial court. See Miller v. Miller, 721 S.W.2d 842, 844 (Tex. 1986)
(lack of consent to an agreed judgment must be brought to the trial court's attention). Issue
one is overruled.

 In her second issue, S.G. complains that the trial court failed to enforce its rulings. 
She asserts that the trial court should have (1) granted a new trial because J.H. was not in
compliance with the court's requirement that he attend counseling; (2) conferred with the
children on the day of trial; and (3) required J.H. to produce discovery.

 The record does not include the reasons for the trial court's denial of the motion for
new trial. See Appleton v. Appleton, 76 S.W.3d 78, 87 (Tex. App.--Houston [14th Dist.
2002, no pet.); see also Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990); Budd
v. Gay, 846 S.W.2d 521, 523 (Tex. App.--Houston [14th Dist.] 1993, no writ). The ground
appellant asserts in this issue on appeal was not presented in her written motion, however. 
The denial of a new trial is reviewed for abuse of discretion. See In re R.R., 209 S.W.3d 112,
114 (Tex. 2006). We cannot say on this record the trial court abused its discretion in failing
to grant a new trial on a ground not raised by written motion. 

 The trial court granted S.G.'s motion requesting that the trial judge confer with the
children on the day of trial as to their wishes regarding conservatorship. However, this
motion was granted prior to the mediated settlement agreement resolving these issues. The
trial court explained at the modification hearing that it was unnecessary to speak to the
children because the parties had agreed on their custody at mediation. Under the
circumstances, the trial court did not err in not conferring with the children on the day of
trial. 

 S.G. points to a comment by the trial judge in arguing that the she was required to
produce discovery and J.H. was not. The discussion S.G. addresses in her brief is a
discussion concerning an objection to evidence presented by S.G. wherein J.H.'s counsel
asserted the evidence was inadmissible because he did not receive the evidence in response
to his discovery requests. In making his determination on the objection, the trial court
inquired whether the evidence had been produced during discovery:

 [J.H.'s counsel]: I would stand on the record that that has never been
produced, never produced in discovery.

 The Court: All right. Let me see - - do you have any kind of proof,
Counsel, that you did produce this document?

 . . . .

 [S.G.'s counsel]: Your Honor, he personally sent me letters saying he was
having a hard time getting responses to these documents. 
He missed all of his deadlines - - 

 The Court: I'm not talking about what he didn't do. He can have a
problem getting his documents in, but the issue is did you
respond to his and give him what he asked for? 


The trial court was determining whether the document introduced by S.G.'s counsel had in
fact been produced during discovery. S.G. misconstrues this comment as requiring only her
to produce discovery. Issue two is overruled. 

 In issues three and four, S.G. asserts her counsel was ineffective because S.G. was
placed in a mediation room with J.H., and because her counsel was unprepared at trial. 
S.G.'s counsel was retained, not appointed. The record does not reflect these issues were
presented to the trial court. See Tex. R. App. P. 33.1. Issues three and four are overruled.

 In issue five, S.G. maintains the trial court erred in permitting J.H. to retain custody
of the children. The trial court was not presented with the issues of possession and access,
because those issues were resolved in the mediated settlement agreement. Issue five is
overruled.

 In her last issue, S.G. argues the trial court erred in allowing J.H. to not turn over
discovery and to retain all of the community property. At the modification hearing, the court
addressed S.G.'s request for a post-divorce partition of property. In her counterpetition for
modification, S.G. "request[ed] that the Court enter an order dividing undivided marital
property in a just and right manner." S.G. asserts on appeal that by denying her request for
a post-divorce partition, the trial court allowed J.H. to retain possession of community
property in the form of oil and gas interests sold in 2007 and an interest in the company
Magnolia Salt Water Disposal. (1) 

 A trial court may order the post-divorce division of community property which was
not divided in a final divorce decree. See Tex. Fam. Code Ann. § 9.201 (Vernon 2006). 
Where one party seeks to claim a share of an asset that was already divided in the divorce
decree, the claim is barred. See Brown v. Brown, 236 S.W.3d 343, 349 (Tex. App.--Houston
[1st Dist.] 2007, no pet.). A judgment from which no appeal was taken becomes final and
represents res judicata as to any attempt to re-litigate the division of property at a later time. 
See Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003) (citing Cook v. Cameron, 733 S.W.2d
137, 140 (Tex. 1987)); Day v. Day, 603 S.W.2d 213, 215 (Tex. 1980). "Res judicata bars
relitigation of claims which have been finally adjudicated or arise out of the same subject
matter and could have been litigated in the prior action." Brown, 236 S.W.3d at 348 (citing
Martin v. Martin, Martin & Richards, Inc., 989 S.W.2d 357, 358 (Tex. 1998)). "Res judicata
applies to a final divorce decree just as it does to any other final judgment, barring
subsequent collateral attack even if the divorce decree improperly divided the property." Id.
at 347 (citing Baxter v. Ruddle, 794 S.W.2d 761, 762 (Tex. 1990)); Cook, 733 S.W.2d at 140.

 In the absence of findings, we must affirm the judgment on any theory of law
supported by the evidence. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); In re
W.E.R., 669 S.W.2d 716, 717 (Tex. 1984). S.G., as the appellant of the post-divorce partition
proceeding, bears the burden of establishing that the oil and gas interests and the Magnolia
Salt Water Disposal company were not addressed in the divorce decree. See Brown, 236
S.W.3d at 349. The agreed final divorce decree stated "The Court finds that there has been
no significant accumulation of community property other than personal effects. IT IS
ORDERED AND DECREED that each party is awarded any property in their respective
possession, in their respective names, or subject to their respective control." J.H. testified
that some of the oil and gas interests were given to him prior to the marriage; the oil and gas
interests that were transferred to him during the marriage were gifts from his father, and
apparently separate property. The trial court heard evidence that the lease agreements were
in J.H.'s name, that S.G. was aware of the oil and gas interests at the time of the divorce, and
that S.G. agreed to the final divorce decree that stated there was no significant accumulation
of community property. J.H. testified further that he is a "partner" in Magnolia Salt Water
Disposal which was formed in 2003, after the divorce, but that he does not own any interest
in the company.

 On this record, the trial court could have determined that any attempt to relitigate the
award of the assets was barred by res judicata. See Reiss, 118 S.W.3d at 443. The trial court
did not abuse its discretion in refusing the request for a post-divorce partition of property. 
Issue six is overruled. 

 The trial court's order is affirmed.

 AFFIRMED.

 ___________________________

 DAVID GAULTNEY

 Justice


Submitted on January 28, 2010

Opinion Delivered February 18, 2010


Before Gaultney, Kreger, and Horton, JJ.
1. S.G. also argues on appeal that by denying her request for a post-divorce partition of
property, the trial court allowed J.H. to retain possession of the marital residence. S.G.
testified at the modification hearing that the residence in which she and J.H. lived during
their marriage was a gift to her prior to the marriage and it is still a gift to her post-divorce. 
However, no evidence was presented that J.H. was in possession of the residence. S.G.
agreed at the hearing that the reason the residence is not mentioned in the divorce decree is
because the house was a gift, and therefore, separate property. J.H. has not challenged S.G.'s
assertion that the home is her separate property. The final divorce decree states, "The court
finds that there has been no significant accumulation of community property other than
personal effects. IT IS ORDERED AND DECREED that each party is awarded any property
in their respective possession, in their respective names, or subject to their respective
control."