

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00033-CV

Osbaldo A. **SAENZ**, Jr.,
Appellant

v.

Osbaldo A. **SAENZ** Sr. and Maria Estela G. Saenz Trust
Through their Trustee Esther A.S. Salmon, Estela Tijerina,
and the Estate of Alfredo Garza Tijerina, Deceased,
Appellees

From the 229th Judicial District Court, Starr County, Texas
Trial Court Nos. DC-11-242 & DC-12-520
Honorable Ana Lisa Garza, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  November 26, 2014

AFFIRMED

This is an appeal from the trial court's Agreed Final Judgment.  We affirm.

### BACKGROUND

This appeal arises from two trial court cases.  The first lawsuit was filed by appellees against other defendants seeking to reform a general warranty deed that allegedly erroneously contained the addition of the word "Inc." at the end of the alleged intended grantee's name, Osbaldo A. Saenz, Sr.  Appellant intervened in the first suit, asserting appellees were attempting

to divest him of his title to the same property. The second lawsuit was filed by appellant against appellees seeking a declaratory judgment regarding his interest in real property and seeking a partition of the property identified in "Survey No. 80."

On February 25, 2013, the trial court conducted a hearing on the parties' Rule 11 Settlement Agreement. The settlement agreement encompassed both lawsuits, as well as a pending federal suit filed by appellant. At the hearing, all lawsuits were discussed, and the trial court swore in all parties. Appellant personally represented to the court that his federal suit would be dismissed once the agreement was signed. Appellant's attorney stated that, in return for appellant dismissing his intervention in the first suit, the second lawsuit, and his federal suit, the appellees would give appellant five lots of land located in the El Sendero Perido Subdivision, plus $17,000. Appellant would also be allowed to retrieve certain personal property located on appellees' lands. Appellant's attorney represented appellant agreed he would file no further action and would renounce all interest in the Survey No. 80 property that was the subject of the first lawsuit, as well as other land located in the El Sendero Perido Subdivision. Appellant further agreed to not place any liens on any property owned by appellees in the future, and he would withdraw any current liens. Finally, appellees agreed appellant could retain consideration he received on certain land. On May 28, 2013, the trial court signed an Agreed Final Judgment setting forth the terms of the parties' agreement with regard to all pending lawsuits. Appellant then filed a notice of appeal.

On January 2, 2014, back in the trial court, appellant filed a pro se "Motion to Amend Agreed Final Judgment as a Matter of Law, and Apply Clarity to Designated Property's [sic] in Payments to [appellant], Motion in Request of Jury Trial, and Motion Recusation [sic] of Honorable Presiding [Judge]," in which appellant raised allegations related to certain lots of land located in the El Sendero Perido Subdivision and his federal lawsuit. On January 6, 2014, the trial court conducted a hearing at which appellant appeared pro se. At the start of the hearing, one of

the attorneys attempted to remind the trial court of the status of lawsuits and settlement when appellant interjected: "I am not in agreement, Your Honor," and he later asked for a jury trial. The attorney informed the trial court a judgment needed to be signed regarding a Deed Reserving Life Estate and a Quitclaim Deed, which pursuant to the Agreed Final Judgment were to be declared null and void. On January 6, 2014, the trial court signed a Final Judgment holding that a Deed Reserving Life Estate and a Quitclaim Deed would not be considered as part of the chain of title to the land mentioned or described in the two instruments.

Appellant subsequently filed notices of appeal in both trial court cause numbers, complaining of the May 28, 2013 Agreed Final Judgment.[1] This court ordered the appeals consolidated into a single appellate cause number.

## DISCUSSION

On appeal, appellees assert we must affirm the trial court's judgment because appellant did not withdraw his consent to the Rule 11 agreement. "[N]o agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11. A trial court's judgment rendered on a Rule 11 agreement must be in "strict or literal compliance" with the terms of the agreement, and the court cannot remove or add material terms. *See Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006) (per curiam). Once the parties enter into a valid settlement agreement under Rule 11, the trial court may enter an agreed judgment based on the settlement agreement. *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996). However, if a party withdraws its consent to the agreement before judgment is rendered, the trial court may not render an agreed judgment on the settlement agreement. *Id.*; *Padilla v. LaFrance*,

---

[1] Because appellant timely filed a notice of appeal from the May 28, 2013 Agreed Final Judgment, this court has jurisdiction over this appeal.

907 S.W.2d 454, 461 (Tex. 1995). Consent to the agreement must exist at the time the agreed judgment is rendered. *Chisholm*, 209 S.W.3d at 98; *Padilla*, 907 S.W.2d at 461-62; *Kennedy v. Hyde*, 682 S.W.2d 525, 528 (Tex. 1984).

Withdrawal of consent must be clearly communicated to the trial court. *Miller v. Miller*, 721 S.W.2d 842, 844 (Tex. 1986). There is no magic formula to be used in communicating to the trial court a party's withdrawal of consent. When a trial court is "in possession of information which is reasonably calculated to prompt the court to make further inquiry into the party's consent thereto, which inquiry, if reasonably pursued, would disclose the want of consent," judgment rendered on the agreement must be set aside. *Burnaham v. Heaton*, 240 S.W.2d 288, 291-92 (Tex. 1951).

Here, appellant, appellant's attorney, and appellees' attorney were present at the February 25, 2013, hearing on the settlement agreement. Appellant personally represented his intention to dismiss his federal suit, and he said he would provide a list of his personal property. He said "I agree" after his attorney stated on the record that "by accepting the 5 lots and the $17,000 he'll renounce all interest in Sendero Perdido with the exception of those two transactions where he's still being currently paid and he's going to keep that money." At no point during the hearing did appellant withdraw his consent to the Rule 11 agreement. At the January 6, 2014 hearing, appellant stated "I am not in agreement." However, the record from that hearing does not reveal the exact nature of his disagreement. Accordingly, on this record, we cannot conclude appellant's withdrawal of consent was "clearly communicated to the trial court" before the Agreed Final Judgment was rendered on May 28, 2013.[2] *See Miller*, 721 S.W.2d at 844. We turn next to the arguments raised in appellant's brief.

---

[2] We also note appellant did not raise his contention that he withdrew consent until he filed his reply brief in this appeal. Appellant's argument here is difficult to understand and is inadequately briefed. *See Serrano v. Union*

Appellant's brief, which he filed pro se, is at best difficult to understand. In his prayer for relief, he asks this court to void and nullify the trial court's judgment. We assume he means the May 28, 2013, Agreed Final Judgment because that is the only judgment referenced in his notices of appeal. As we understand appellant's brief, he appears to assert various arguments in support of his prayer, including statute of limitations, estoppel by deed, estoppel by laches, aggravated perjury, and fraud.[3]

Appellant's motion for summary judgment filed pro se in the first lawsuit does not raise statute of limitations, estoppel by deed, estoppel by laches, aggravated perjury, and fraud. To the extent the motion might be liberally interpreted as touching on one or more of these assertions, on appeal, appellant does not challenge the trial court's denial of his motion for summary judgment. Therefore, he has waived any complaint regarding the trial court's ruling. To the extent appellant did not raise one or more of his assertions before the trial court, he has waived any complaint on review.

Appellant's motion for summary judgment filed by his attorney in the second lawsuit also does not raise statute of limitations, estoppel by deed, estoppel by laches, aggravated perjury, and fraud. The record on appeal does not contain a ruling on the motion; however, the Agreed Final Judgment states "[a]ny relief that is not expressly granted by this judgment is denied and this judgment disposes of all parties and issues in this case and is subject to appeal." On appeal,

---

*Planters Bank, N.A.*, 162 S.W.3d 576, 578 (Tex. App.—El Paso 2004, pet. denied) (refusing to address seventeen of pro se appellant's eighteen issues because they were "virtually incomprehensible and nonsensical and do not frame any issues for review by this court"); *Massey v. Royall*, No. 14-02-01260-CV, 2004 WL 114989, at *1 (Tex. App.— Houston [14th Dist.] Jan. 27, 2004, no pet.) (not designated for publication) (holding that pro se appellant's incomprehensible issue could not be addressed).

[3] Because appellant's brief is difficult to comprehend, even liberally construed, we cannot address arguments we cannot discern. *See Serrano*, 162 S.W.3d at 578; *Massey*, 2004 WL 114989, at *1.

appellant does not challenge the trial court's denial of this motion for summary judgment. Therefore, he has waived any complaint regarding the trial court's ruling.

## CONCLUSION

For the reasons stated above, we overrule appellant's issues on appeal and affirm the trial court's judgments in both trial cause numbers.

Sandee Bryan Marion, Justice