**George Dale BROWN, Jr., Appellant,**

v.

**Teresa Lynn BROWN, Appellee.**

**No. 01–05–1063–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 6, 2007.

John S. Cossum, Houston, for Appellant.

Patricia A. Wicoff, Law Office of Patricia A. Wicoff, Houston, for Appellee.

Panel consists of Justices NUCHIA, HANKS, and BLAND.

## OPINION

JANE BLAND, Justice.

George Dale Brown appeals the trial court's denial of his petition for a post-divorce division of his former wife Teresa's 401(k) plan and employment performance bonuses she had accrued but not received by the date of the divorce, as well as the court's post-divorce apportionment of her pension benefits. As the trial court correctly concluded, res judicata bars George's claims against Teresa's 401(k) plan and bonuses. The trial court also acted within its discretion in making a just and right division of the pension benefits earned during the marriage. We therefore affirm.

## Background

George Dale Brown and Teresa Lynn Payne (formerly Brown) divorced in June 2004. During the marriage, Teresa gained employment with Purdue Pharma, L.P. Her position with the company entitles her to discretionary performance-related bonuses, which she receives on a quarterly basis. The retirement benefits provided to her by Purdue Pharma include both a 401(k) retirement plan and a pension plan. About a year before the divorce, Teresa had taken out a loan through her employer against her 401(k) plan. On the date of divorce, the outstanding loan amounted to approximately $20,000.

As instructed by the trial court, George and Teresa each submitted an inventory itemizing the community assets and liabilities and proposing their apportionment. The court also considered additional evidence of the community estate. With respect to her bonuses, Teresa testified at the divorce proceeding as follows:

Q: Okay. While we are on the inventory and discussing money, you are to get a bonus for the fourth quarter of 2003; is that correct?

A: Uh-huh.

Q: Okay. And then you've got a bonus that will be accrued possibly for the first quarter of 2004 and you won't know about that until June; is that correct?

A: That's correct.

On March 22, 2004, the court ruled on the division of marital estate. The associate judge handling the case prepared a report summarizing the terms of the divorce and containing a chart dividing the property assets and liabilities between the parties. To construct the chart, the associate judge began with a copy of George's inventory and proposed property division and then interlineated it when his decisions deviated from George's proposals. Among the proposals rejected or altered by the court were:

(1) An item entitled "Unaccounted Deposits from Wife's Earnings for 2002 and 2003" in the approximate amount of $10,000, which the court struck in its entirety;

(2) An item entitled "Wife's Chase Bank Checking Account" in the amount of $5,811.00, which the court reduced to $1,000, the amount reflected on Teresa's inventory;

(3) An item entitled "Wife's Fidelity Investments 401(k) Plan," in the amount of $160,000, in which George proposed that he and Teresa be awarded equal shares of $80,000 each. The trial court struck George's estimated value, inserted the $136,000 estimated value from Teresa's inventory sheet, struck the proposed award to George and wrote the $136,000 in the chart as an award to Teresa.

The associate judge's notes also state: "H's request for language re furnishings, tax related documents, disposition of bonuses and excess 401(k) is denied."

The trial court signed the final divorce decree on June 2, 2004.[1] Neither party sought any postjudgment relief or noticed an appeal from the divorce decree. Thirty-four days later, on July 6, 2004, George petitioned the trial court for a post-divorce division of property, asking that the court apportion and award him funds from (a) Teresa's pension plan which she allegedly failed to disclose; (b) Teresa's 401(k) Plan, which, he contended, was worth substantially more than she had represented during the divorce; and (c) bonuses earned by Teresa during the fourth quarter of 2003, which she also allegedly failed to disclose.

The trial court heard evidence in the cause on May 26, 2005 and June 9, 2005. In its July 14, 2005 judgment, the court found that Teresa's pension plan was not divided at the time of the parties' divorce and awarded George 40% of the benefits accrued in that pension plan during the marriage. In addressing George's remaining challenges concerning Teresa's employment income and benefits, the trial court ordered Teresa to be "awarded one hundred percent (100%)" and declared that "George Dale Brown is divested of his interest in all sums contained within Teresa Lynn Brown's 401(k) Retirement Plan with Purdue Pharma." Also, the trial court dismissed with prejudice George's claim relating to Teresa's bonuses.

On September 12, 2005, the trial court issued findings of fact and conclusions of

---

1. George maintains that the divorce decree was not final because it did not contain a "Mother Hubbard" clause and did not dispose of all the community assets. The absence of a Mother Hubbard clause, however, does not in itself denote any lack of finality. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 204 (Tex.2001). The Family Code restricts the type of post-judgment modification urged by George. A trial court retains continuing jurisdiction to clarify or enforce a final divorce decree, but lacks the authority to alter the distribution of the community estate after its plenary power expires, even if the decree does not dispose of all of the community estate. *See* Tex. Fam.Code Ann. §§ 9.002, 9.008 (Vernon 2006); *Gainous v. Gainous,* 219 S.W.3d 97, 105–07 (Tex.App.-Houston [1st Dist.] 2006, pet. filed).

law in response to George's request. Pertinent to this appeal, the court concluded that "[a]ll of Teresa's interest in the 401(k) Plan was disposed of at the time of trial and no post divorce division is appropriate." The trial court also concluded that George's claims against Teresa's fourth quarter 2003 and first quarter 2004 employee bonuses were barred by res judicata. This appeal followed.

## Discussion

The Family Code authorizes a trial court to order the post-divorce division of community property which was not divided in a final divorce decree. *See* TEX. FAM.CODE ANN. § 9.201 (Vernon 2006). "Either former spouse may file a suit as provided by this subchapter to divide property not divided or awarded to a spouse in a final decree of divorce or annulment." *Id.* § 9.201(a). "If a court of this state failed to dispose of property subject to division in a final decree of divorce or annulment even though the court had jurisdiction over the spouses or over the property, the court shall divide the property in a manner that the court deems just and right. . . ." *Id.* § 9.203(a) (Vernon 2006).

The Family Code also allows a court to enter further orders to enforce the division of property; to assist in the implementation of the order; to clarify the order; and to "specify more precisely the manner of effecting the property division previously made," as long as the substantive division of property is not altered or changed. TEX. FAM.CODE ANN. § 9.006(a), (b) (Vernon 1998); *Cox v. Carter*, 145 S.W.3d 361, 364 (Tex.App.-Dallas 2004, no pet.). A subsequent order may clarify a decree to correct an ambiguity so that the parties to that decree may comply with its terms. *See* TEX. FAM.CODE ANN. § 9.008(b) (Vernon 2006) (court may enter "clarifying order" to enforce compliance with insufficiently

specific decree); TEX. FAM.CODE ANN. § 9.006(a), (b) (Vernon 2006) (court may "render further orders to enforce the division of property made in the decree . . . to assist in the implementation of or to clarify the prior order"; and may "specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed"); *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex.2003).

In neither endeavor, however, may a trial court "amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment." TEX. FAM.CODE ANN. § 9.007(a) (Vernon 2006). Res judicata applies to a final divorce decree just as it does to any other final judgment, barring subsequent collateral attack even if the divorce decree improperly divided the property. *Baxter v. Ruddle*, 794 S.W.2d 761, 762 (Tex.1990); *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987). Clarification orders thus cannot be used to make a substantive change in a divorce decree after it becomes final. *Shanks*, 110 S.W.3d at 449. The trial court may not change the decree's division of property even if it contains substantive legal error. *See id.* (declaring that party's "remedy for a substantive error of law by the trial court was by direct appeal, and he cannot now collaterally attack the judgment").

### Standard of Review

George challenges the legal sufficiency of the facts found by the court as well as the correctness of its legal conclusions that the 401(k) assets and unpaid bonuses had already been addressed in the divorce proceeding. "In an appeal from a bench trial, a trial court's findings of fact have the same weight as a jury's verdict." *HTS Servs., Inc. v. Hallwood Realty Partners, L.P.*, 190 S.W.3d 108, 111 (Tex.App.-

Houston [1st Dist.] 2005, no pet.); *Lee v. Lee*, 981 S.W.2d 903, 905 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). The trial court, as fact finder, is the sole judge of the credibility of the witnesses. *HTS Servs.*, 190 S.W.3d at 111; *see also City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). Consequently, we may not replace a finding simply because we would reach a different answer on the evidence. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex.1998).

The trial court's findings of fact are subject to review for legal sufficiency under the same standards applied in reviewing evidence supporting a jury's answer. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996); *Comm'n of Contracts v. Arriba, Ltd.*, 882 S.W.2d 576, 582 (Tex.App.-Houston [1st Dist.] 1994, no writ). In determining whether legally sufficient evidence supports the finding under review, we must consider evidence favorable to the finding if a reasonable fact finder could consider it, and disregard evidence contrary to the finding unless a reasonable fact finder could not disregard it. *City of Keller*, 168 S.W.3d at 827.

We review a trial court's conclusions of law de novo, and will uphold them on appeal if the judgment can be sustained on any legal theory supported by the evidence. *HTS Servs.*, 190 S.W.3d at 111 (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex.2002)). "An appellant may not challenge a trial court's conclusions of law for lack of factual sufficiency, but we review the legal conclusions drawn from the facts to determine their correctness." *Id.* at 111–12.

George also complains that the trial court abused its discretion in its post-divorce division of pension plan assets. "In a post-divorce partition suit, an unequal division should not be disturbed absent a showing that the division was so dispropor-

tionate, unjust, and unfair, that it was a clear abuse of discretion." *Ellis v. Zieben*, No. 01–04–00436–CV, 2005 WL 1308706, at *3 (Tex.App.-Houston [1st Dist.] Jun. 2, 2005, pet. denied) (mem.op.) (citing *In re Marriage of Notash*, 118 S.W.3d 868, 874 (Tex.App.-Texarkana 2003, no pet.)). A court abuses its discretion by acting arbitrarily or unreasonably, without reference to any guiding rules or principles. *Mai v. Mai*, 853 S.W.2d 615, 618 (Tex.App.-Houston [1st Dist.] 1993, no pet.).

*Res judicata*

George challenges the trial court's legal conclusions that (1) the divorce decree disposed of all of the interest in Teresa's 401(k) plan and no post-divorce division was appropriate (in other words, the issue could not be relitigated), and (2) res judicata barred George's petition to divide accrued but unpaid bonuses existing on the date of divorce. Res judicata bars relitigation of claims which have been finally adjudicated or arise out of the same subject matter and could have been litigated in the prior action. *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 358 (Tex.1998) (per curiam).

Res judicata bars post-divorce property division actions, however, only when the divorce decree has disposed of the asset at issue. *Law v. Law*, 792 S.W.2d 150, 152 (Tex.App.-Houston [1st Dist.] 1990, writ denied). Thus, if George's suit aims to partition assets overlooked in the divorce settlement, then it is not barred by res judicata. If, however, George seeks merely to claim a share of an asset already divided in the divorce settlement, then it is barred. *See id.*

George suggests that Teresa, as respondent, bore the burden to prove res judicata as an affirmative defense. We disagree. In contrast to a traditional law-

suit in which res judicata is an affirmative defense, as the petitioner in this statutory post-divorce action, George has the burden to prove that the divorce court did not consider or dispose of the 401(k) plan or the accrued bonuses in the final decree. *See* TEX. FAM.CODE ANN. § 9.201 (suit available only to divide property not divided or awarded in final divorce decree); *see Stephens v. Marlowe*, 20 S.W.3d 250, 254 (Tex.App.-Texarkana 2000, no pet.) ("Marlowe, as the party requesting partition, had the burden to prove in the partition action that the divorce court did not consider or dispose of the settlement proceeds.").

■ When a party attacks the legal sufficiency of an adverse finding on an issue on which he has the burden of proof, he must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989). Mindful of this burden, we review the trial court's conclusions that the divorce decree precluded relitigation of issues relating to Teresa's 401(k) plan and accrued bonuses.

■ With respect to the 401(k) plan assets, George contends that evidence during the divorce proceeding showed that the 401(k) plan contained a maximum of $136,000, but the plan actually had a balance of at least $177,419.20 two months before the divorce. As a result, he asserts, significant funds in the plan remained unaddressed by the final decree and were subject to post-divorce division. George also complains that the trial court erred in dismissing his claims concerning Teresa's unpaid bonuses without taking any evidence on the issue.

■ A trial court may sua sponte take judicial notice of its own records of a former trial in the same case. *See Jones v. Jones*, 888 S.W.2d 849, 852–53 (Tex.App.-Houston [1st Dist.] 1994, no writ). It appears to have done so here. We, however, may not take judicial notice of those records unless they are provided as part of the appellate record. *See Muller v. Leyendecker*, 697 S.W.2d 668, 675–76 (Tex. App.San Antonio 1985, writ ref'd n.r.e.). As the bearer of the burden to prove that the challenged assets had not been addressed or divided in the divorce proceeding, it was incumbent on George to supply the evidence which establishes his contentions as a matter of law. *See Sterner*, 767 S.W.2d at 690. Absent this showing, no ground exists for reversing the trial court's conclusion that George's claims concerning these assets are barred by res judicata.

Further, both of George's claims concern the trial court's valuation of community assets before the divorce judgment. The scant evidence of the divorce proceeding in the record shows that the parties contested the value of the 401(k) plan assets, and the court made its determination after considering the contested evidence. Likewise, with respect to the bonuses earned by Teresa, we presume that the trial court's record of the divorce proceeding supports a finding that these bonuses were addressed in divorce proceedings.[2]

Although George complains that he did not receive sufficient information to arrive at more accurate valuations of these assets during the divorce proceeding, he could have moved to compel production of updated information before entry of the final decree or sought relief through post-judgment proceedings and direct appeal of the judgment. In short, any further challenge to the valuation and disposition of the assets could have occurred in the underlying proceeding. We find no error in

---

**2.** Accrued but not paid bonuses would not fall into the account until later.

the trial court's dismissal of these claims on the ground of res judicata.

*Award of 401(k) Plan to Teresa as a Clarification of the Decree*

 George further asserts that the final decree unambiguously awarded Teresa $136,000, not the entire 401(k) plan, and that the trial court was required to divide the remaining balance in excess of that amount. Accordingly, George contends, the trial court had no authority to modify the original decree by awarding Teresa the 401(k) assets in excess of $136,000.

 Whether a decree is ambiguous is a question of law. *Shanks,* 110 S.W.3d at 447. To determine whether a subsequent order clarifies or modifies a decree "we must interpret the decree to determine not what the trial court should have done but, if possible, what the trial court actually did." *Id.* If the decree read as a whole is unambiguous as to the property's disposition, the court has no authority to enter an order altering or modifying the original distribution of property. *Id.* at 449. Rather, it must effectuate the order in light of the literal language used. *Id.* at 447. If the decree is subject to more than one reasonable interpretation, however, the court reviews the record along with the decree to aid in interpreting the judgment in a way that correctly applies the law. *Id.*

Contrary to George's assertion, the plain language of the final decree, which expressly awards Teresa the "401(k) plan in the amount of $136,000," is subject to more than one reasonable interpretation. The construction urged by George, suggesting that the final decree awarded Teresa a sum certain from the plan, is but one. The

trial court adopted the other, concluding that the intent of the decree was to award Teresa the entire 401(k) plan.

We agree with the construction adopted by the trial court, which comports with the decree as a whole and the circumstances surrounding its formation. First, while the decree contains a section itemizing the community property awarded to George, neither that section nor any part of the decree has language awarding any portion of Teresa's retirement benefits to George. Second, in the court's property division notes, which provided the basis for drafting the final decree, the associate judge crossed out George's proposal that he receive a portion of the 401(k) plan assets and wrote the entire estimated value of the plan in Teresa's column. These notes reveal an affirmative intent that George not be awarded anything from the plan and that Teresa receive all of it. The trial court correctly exercised its authority to clarify this ambiguous language in order to give effect to the just and right allocation of the community estate that it originally intended.[3]

*Division of Teresa's Pension Plan Assets*

 George also takes issue with the trial court's decision to award him only 40% of the pension plan assets earned by Teresa during the marriage, complaining that the trial court did not adequately take into consideration Teresa's failure to disclose those assets in dividing them. A single factor, however, does not require the court to allocate a particular asset in favor of one party or the other. Nothing demonstrates that the trial court, in considering all of the relevant facts and cir-

---

3. To the extent George challenges the court's distribution of the 401(k) assets as an abuse of its discretion to make a just and right allocation of the community estate, we may not consider it here. While this challenge could have been raised in a direct appeal of the final divorce decree, it constitutes an impermissible collateral attack in this proceeding. *See Gainous,* 219 S.W.3d at 106–07.

cumstances, abused its discretion in dividing the pension plan assets as it did.

## Conclusion

We conclude that res judicata bars any claim against assets that the trial court divided pursuant to the final decree of divorce. We further conclude that the trial court acted within its discretion in allocating pension plan assets that were not a subject of the divorce decree. We therefore affirm the judgment of the trial court.