**Opinion filed September 22, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00191-CV

_____

## MARK DAVID NORRIS, Appellant

## V.

## DONNA DARLENE (NORRIS) SCHEFFLER, Appellee

**On Appeal from the 278th District Court**

**Walker County, Texas**

**Trial Court Cause No. 14685**

## M E M O R A N D U M   O P I N I O N

Mark David Norris is the appellant in this appeal, and Donna Darlene (Norris) Scheffler is the appellee. For the sake of clarity, we will refer to the parties by their given names. Sometime after their divorce, Donna filed a motion to enforce the provisions of the previously entered agreed decree of divorce. After a hearing on the motion, the trial court entered an order by which it attempted to enforce the terms of the agreed decree. We hold that, when the trial court attempted to enforce the decree, it acted beyond its power because the result was to amend, modify, alter, or change the property division as set out in the decree. We reverse that portion of the order and render judgment that Donna take nothing. The trial court awarded attorney's fees to Donna.

Because we reverse the trial court's order as to enforcement, we reverse and remand to the trial court the issue of the award of attorney's fees.

When Donna and Mark were divorced, the trial court entered an agreed decree of divorce. In that decree, under the heading "<u>Property to Wife</u>," the trial court provided for certain dispositions to Donna. In this section of the decree, the trial court also provided as follows:

> W-8. $28,000.00, payable by MARK DAVID NORRIS, in monthly installments to the Culinary Institute, 7070 Allensby, Houston, Texas, 77022, subject to the condition precedent that Donna Norris shall remain actively enrolled in the Culinary Institute or said 28,000.00 [sic] or any unpaid portion shall not be payable by MARK DAVID NORRIS. In the event DONNA NORRIS ceases to be an active student at the Culinary Institute for any reason, MARK DAVID NORRIS shall be relieved of all obligation to pay any amount ordered herein.

On January 22, 2010, Donna filed a motion to enforce child support payments, separate maintenance payments, the payments Mark was ordered to pay to the Culinary Institute, and payment of Donna's attorney's fees that the trial court previously ordered Mark to pay in the divorce decree. By the time Donna filed her motion, Mark had paid the child support that was due under the decree.

The trial court set a hearing on Donna's motion for February 26, 2010. At Mark's request, the trial court continued the hearing until a later date.

Donna appeared at the April 30, 2010 hearing with her attorney; Mark appeared pro se. By this time, Mark had paid all the child support that was due and had also paid all of the attorney's fees that he was ordered to pay in connection with the original divorce decree. The only issues remaining at this time were the Culinary Institute payments and the matter of whether Donna should be awarded attorney's fees for services rendered by Donna's attorney in connection with the motion to enforce.

The evidence at the April 30 hearing on the motion to enforce shows that Donna enrolled in the Culinary Institute on December 4, 2009, and began classes on December 7, 2009. The parties seem to agree that the monthly payments to be paid to the Culinary Institute were to be $4,397.42. However, the evidence shows only that the monthly payments were approximately $4,000. Rather than require that the first payment be made in full, the school agreed to accept an initial payment of $2,000, with the balance to be paid in January 2010. Mark made the initial $2,000 payment.

Donna testified that on January 4, 2010, when she returned to the Culinary Institute after the Christmas break, she was not allowed to return to class because the required payments had not been

made. She elected to take a leave of absence until March rather than lose credit for work she had already done at the Culinary Institute. After the first hearing on her motion for enforcement had been continued, Donna went to the Culinary Institute and asked them to let her continue in school while, according to her attorney, "we sorted this out in court"; they refused.

At the time of the hearing on her motion, Donna was not attending the Culinary Institute but, rather, had applied for a government loan so that she could "be a kindergarten teacher." When the hearing was first set and then continued, Donna told the trial court, "I want in another school." When asked at the April 30 hearing if there was any reason that she did not want to return to the Culinary Institute, she testified, "It is probably about three hours away. I have a daughter at home that her father is not engaged in."

The trial court asked Mark whether he wanted to offer testimony. Mark told the trial court that he had an agreement with the Culinary Institute to pay the balance of the December payment in January. On January 4, 2010, he tried to find out whether she was still in school so that he could pay. The school would not talk to him without her permission. Earlier in the hearing, when he cross-examined Donna, Mark developed testimony showing that he had asked her to contact the school so that the people there would give him the requested information. In a text message to Mark in response to the request, Donna replied, "[W]ill do." Mark told the trial court that he had talked with Donna about it again later in a phone conversation. However, no one from the school contacted him.

At the conclusion of the hearing, the trial court said, "Well, the Court finds by a preponderance of the evidence that you did not honor the contract and that you owe her the amount of the schooling, less whatever you have paid, and the attorney's fees of $1500." In its written order, the court found that Mark had failed to pay Donna money "that was awarded in the prior decree and that the amount of unpaid payments to which [Donna] is now entitled is $19,987.00." The trial court entered judgment against Mark, and in favor of Donna, for that amount with interest. The trial court also awarded attorney's fees against Mark and denied all other relief.

Mark presents us with two issues on appeal. First, Mark claims that the trial court's judgment was an improper modification of the decree of divorce. Next, he says that the trial court erred when it awarded attorney's fees to Donna.

Chapter 9, Subchapter A of the Texas Family Code contains the provisions that control proceedings related to the post-decree enforcement of property matters.

Under Section 9.001, a party affected by a division of property may file, in the court that rendered the decree, a suit to enforce the division. TEX. FAM. CODE ANN. §9.001 (Vernon 2006). That court retains the power to enforce the property division. *Id.* § 9.002. Section 9.003 sets forth deadlines for filing suits that pertain to tangible personal property in existence at the time of the decree or suits that relate to the division of future property not in existence at the time of the original decree. *Id.* § 9.003. Subchapter A does not apply to property not divided on divorce. *Id.* § 9.004. Parties may not demand a jury in suits to enforce decrees under Subchapter A. *Id.* § 9.005.

Section 9.006 provides, in relevant part, as follows:

(a) Except as provided by this subchapter and by the Texas Rules of Civil Procedure, the court may render further orders to enforce the division of property made in the decree of divorce or annulment to assist in the implementation of or to clarify the prior order.

(b) The court may specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed.

*Id.* § 9.006.

Section 9.007 provides, in relevant part, as follows:

(a) A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.

(b) An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court and is unenforceable.

*Id.* § 9.007.

Section 9.010 contains provisions for the court to reduce the award to a money judgment in certain circumstances. Insofar as relevant to this appeal, that section contains the following provisions:

(b) If a party did not receive payments of money as awarded in the decree of divorce or annulment, the court may render judgment against a defaulting party for the amount of unpaid payments to which the party is entitled.

(c) The remedy of a reduction to money judgment is in addition to the other remedies provided by law.

(d) A money judgment rendered under this section may be enforced by any means available for the enforcement of judgment for debt.

*Id.* § 9.010.

Except for provisions that pertain to costs and attorney's fees, which we will discuss later, the remaining provisions of Subchapter A do not control this appeal.

In summary, then, subject to the provisions that we have quoted, a party may file a lawsuit to enforce a property division contained in a decree of divorce or annulment. That lawsuit must be filed in the trial court that entered the decree, and that court retains the power to enforce its decree. But, while the trial court may enter orders to assist in the implementation of the decree or to clarify or specify more precisely the manner of effecting the division of property as previously ordered, it may not amend, modify, alter, or change the substantive division of the property. If a trial court enters an order that amends, modifies, alters, or changes the substantive division of the property, then the trial court has exceeded its power, and its order is unenforceable.

As we have indicated, the parties agreed to the entry of the final decree of divorce in this case. Under the heading "Property to Wife," we find the following introductory paragraph:

IT IS ORDERED AND DECREED that the wife, DONNA DARLENE NORRIS, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property.

Following that introductory paragraph, the decree contains references to various items of property as well as to payments that specifically were to be made to Donna. Following a provision in which Mark was to pay $222,448 "to DONNA DARLENE NORRIS on the day of divorce, by cash, cashier's check, or money order," we find the following provision:

W-8. $28,000.00, payable by MARK DAVID NORRIS, in monthly installments to the Culinary Institute, 7070 Allensby, Houston, Texas, 77022, subject to the condition precedent that Donna Norris shall remain actively enrolled in the Culinary Institute or said 28,000.00 [sic] or any unpaid portion shall not be payable by MARK DAVID NORRIS. In the event DONNA NORRIS ceases to be an active student at the Culinary Institute for any reason, MARK DAVID NORRIS shall be relieved of all obligation to pay any amount ordered herein.

5

After hearing the testimony, the trial court entered an order that contained, among other things, the following finding:

> The Court finds that Respondent [Mark] is guilty of separate violations of the decree signed on August 29, 2008 that states in relevant part as follows: IT IS ORDERED AND DECREED that DONNA DARLENE NORRIS, is awarded the following as her sole and separate property, and the husband is divested of all right, title, interest, and claim in and to that property.
>
> . . . .
>
> Respondent failed to make payments with the Culinary Institute as ordered.

As far as provision W-8 is concerned, the trial court then granted the following relief as contained in its order:

> The Court finds that Respondent has failed to pay to Petitioner [Donna] money that was awarded in the prior decree and that the amount of unpaid payments to which Petitioner is now entitled is $19,987.00.
>
> IT IS ORDERED that DONNA DARLENE NORRIS is granted judgment against MARK DAVID NORRIS for $19,987.00, such judgment bearing interest at 6% per year compounded annually from the date this order is signed, for which let execution issue.

In order for us to consider Mark's first issue on appeal, the questions that we must answer are these: Does the order of the trial court amend, modify, alter, or change the substantive division of the property as contained in the agreed decree of divorce, as prohibited by the Texas Family Code? or, Does it simply enforce or clarify the decree, as permitted by the Texas Family Code?

In the decree, the trial court ordered Mark to pay a certain amount to the Culinary Institute at its address in Houston. The enforcement order required him to pay Donna. Under the decree, he was to make monthly payments. In the enforcement order, the trial court ordered the whole amount due at once. Before Mark was required to pay the Culinary Institute, Donna had to be fully enrolled there. Under the enforcement order, it made no difference whether she was enrolled at the Culinary Institute or not. The parties agreed to, and the trial court approved, a provision in the divorce decree that, if Donna ceased to be an active student at the Culinary Institute for any reason, then Mark did not have any obligation to pay any of the money set out in this part of the decree. Under the trial court's enforcement order, it did not matter whether Donna had ceased to be an active student at the Culinary Institute; Mark was ordered to pay directly to Donna all of the money not already paid to the Culinary Institute.

6

We cannot tell from the record why W-8 was written the way that it was, and we need not ask that question. Whether a decree is ambiguous presents a question of law. *Brown v. Brown*, 236 S.W.3d 343, 350 (Tex. App.—Houston [1st Dist.] 2007, no pet.). We do not look at what the trial court might have done in the decree but, rather, at what it actually did. *Id.* If the provision is unambiguous, it can only be enforced as written. It is beyond the power of a trial court to "amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment." *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011); *Shanks v. Treadway*, 110 S.W.3d 444, 449 (Tex. 2003). We hold that, when the trial court entered its order of enforcement, it amended, modified, altered, and changed the division of property it had earlier decreed in Paragraph W-8 of the original decree and that it erred in doing so. Mark's first issue on appeal is sustained.

The Family Code provides that a trial court "may award reasonable attorney's fees in a proceeding under this subchapter." TEX. FAM. CODE ANN. § 9.014 (Vernon Supp. 2010). Thus, the award of attorney's fees under Section 9.014 is committed to the discretion of the trial court. We review the award for an abuse of that discretion. Unlike attorney's fees under Section 38.001 of the Civil Practice and Remedies Code, Section 9.014 does not require that Donna prevail on her claims against Mark in order for her to recover her reasonable attorney's fees. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (Vernon 2008). Section 9.014 simply requires that the fee award be reasonable.

When a trial court awards attorney's fees to the nonprevailing party under Section 9.014 of the Family Code, it is incumbent upon it to state on the record, or in its judgment, good cause to substantiate the award. *Jenkins v. Jenkins*, 991 S.W.2d 440, 450 (Tex. App.—Fort Worth 1999, pet. denied). Here, Donna was the prevailing party in the trial court, and there was no reason for the trial court to state good cause for its award of reasonable attorney's fees to her. However, because we have reversed the order as to enforcement, we also reverse as to the issue of attorney's fees that were awarded in connection with the motion to enforce and remand that issue to the trial court. If the trial court awards attorney's fees to Donna (Mark did not have any attorney at the hearing on the motion to enforce), those fees must be reasonable. Also, because Donna is now the nonprevailing party, the trial court must state good cause for the award either in its findings or in its judgment. *Id.* Mark's second issue is sustained.

7

We reverse the order of the trial court by which it granted judgment against Mark for the monies originally owed to the Culinary Institute and render judgment that Donna take nothing in regard to that claim. We reverse the award of attorney's fees that the trial court awarded to Donna for services rendered by her attorney in the enforcement action and remand that issue to the trial court so that it might reconsider the award.

JIM R. WRIGHT

CHIEF JUSTICE

September 22, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.