Opinion filed September
22, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00191-CV

                                                    __________

 

                                MARK
DAVID NORRIS, Appellant

                                                        
V.

                DONNA
DARLENE (NORRIS) SCHEFFLER, Appellee



 

                                   On
Appeal from the 278th District Court

                                                           Walker
County, Texas

                                                      Trial
Court Cause No. 14685

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Mark
David Norris is the appellant in this appeal, and Donna Darlene (Norris)
Scheffler is the appellee.  For the sake of clarity, we will refer to the
parties by their given names.  Sometime after their divorce, Donna filed a
motion to enforce the provisions of the previously entered agreed decree of
divorce.  After a hearing on the motion, the trial court entered an order by
which it attempted to enforce the terms of the agreed decree.  We hold that, when
the trial court attempted to enforce the decree, it acted beyond its power
because the result was to amend, modify, alter, or change the property division
as set out in the decree.  We reverse that portion of the order and render
judgment that Donna take nothing.  The trial court awarded attorney’s fees to
Donna.  Because we reverse the trial court’s order as to enforcement, we
reverse and remand to the trial court the issue of the award of attorney’s
fees.

            When
Donna and Mark were divorced, the trial court entered an agreed decree of
divorce.  In that decree, under the heading “Property to Wife,” the trial
court provided for certain dispositions to Donna.  In this section of the
decree, the trial court also provided as follows:

            W-8.
$28,000.00, payable by MARK DAVID NORRIS, in monthly installments to the
Culinary Institute, 7070 Allensby, Houston, Texas, 77022, subject to the
condition precedent that Donna Norris shall remain actively enrolled in the
Culinary Institute or said 28,000.00 [sic] or any unpaid portion shall not be
payable by MARK DAVID NORRIS.  In the event DONNA NORRIS ceases to be an active
student at the Culinary Institute for any reason, MARK DAVID NORRIS shall be
relieved of all obligation to pay any amount ordered herein.

 

            On
January 22, 2010, Donna filed a motion to enforce child support payments,
separate maintenance payments, the payments Mark was ordered to pay to the Culinary
Institute, and payment of Donna’s attorney’s fees that the trial court previously
ordered Mark to pay in the divorce decree.  By the time Donna filed her motion,
Mark had paid the child support that was due under the decree.

            The
trial court set a hearing on Donna’s motion for February 26, 2010.  At Mark’s
request, the trial court continued the hearing until a later date.  

            Donna
appeared at the April 30, 2010 hearing with her attorney; Mark appeared pro se. 
By this time, Mark had paid all the child support that was due and had also
paid all of the attorney’s fees that he was ordered to pay in connection with
the original divorce decree.  The only issues remaining at this time were the
Culinary Institute payments and the matter of whether Donna should be awarded
attorney’s fees for services rendered by Donna’s attorney in connection with
the motion to enforce.

            The
evidence at the April 30 hearing on the motion to enforce shows that Donna enrolled
in the Culinary Institute on December 4, 2009, and began classes on December 7,
2009.  The parties seem to agree that the monthly payments to be paid to the
Culinary Institute were to be $4,397.42.  However, the evidence shows only that
the monthly payments were approximately $4,000.  Rather than require that the
first payment be made in full, the school agreed to accept an initial payment
of $2,000, with the balance to be paid in January 2010.  Mark made the initial
$2,000 payment.

            Donna
testified that on January 4, 2010, when she returned to the Culinary Institute
after the Christmas break, she was not allowed to return to class because the
required payments had not been made.  She elected to take a leave of absence
until March rather than lose credit for work she had already done at the
Culinary Institute.  After the first hearing on her motion for enforcement had
been continued, Donna went to the Culinary Institute and asked them to let her
continue in school while, according to her attorney, “we sorted this out in
court”; they refused.

            At
the time of the hearing on her motion, Donna was not attending the Culinary
Institute but, rather, had applied for a government loan so that she could “be
a kindergarten teacher.”  When the hearing was first set and then continued,
Donna told the trial court, “I want in another school.”  When asked at the April
30 hearing if there was any reason that she did not want to return to the
Culinary Institute, she testified, “It is probably about three hours away.  I
have a daughter at home that her father is not engaged in.” 

            The
trial court asked Mark whether he wanted to offer testimony.  Mark told the
trial court that he had an agreement with the Culinary Institute to pay the
balance of the December payment in January.  On January 4, 2010, he tried to
find out whether she was still in school so that he could pay.  The school
would not talk to him without her permission.  Earlier in the hearing, when he
cross-examined Donna, Mark developed testimony showing that he had asked her to
contact the school so that the people there would give him the requested
information.  In a text message to Mark in response to the request, Donna
replied, “[W]ill do.”  Mark told the trial court that he had talked with Donna about
it again later in a phone conversation.  However, no one from the school contacted
him.

            At
the conclusion of the hearing, the trial court said, “Well, the Court finds by
a preponderance of the evidence that you did not honor the contract and that
you owe her the amount of the schooling, less whatever you have paid, and the
attorney’s fees of $1500.”  In its written order, the court found that Mark had
failed to pay Donna money “that was awarded in the prior decree and that the
amount of unpaid payments to which [Donna] is now entitled is $19,987.00.”  The
trial court entered judgment against Mark, and in favor of Donna, for that
amount with interest.  The trial court also awarded attorney’s fees against
Mark and denied all other relief.

            Mark
presents us with two issues on appeal.  First, Mark claims that the trial
court’s judgment was an improper modification of the decree of divorce.  Next,
he says that the trial court erred when it awarded attorney’s fees to Donna.

            Chapter
9, Subchapter A of the Texas Family Code contains the provisions that control
proceedings related to the post-decree enforcement of property matters.  

Under Section 9.001, a party affected by a division of property may file,
in the court that rendered the decree, a suit to enforce the division.  Tex. Fam. Code Ann. §9.001 (Vernon 2006).  That court retains the
power to enforce the property division.  Id. § 9.002.  Section 9.003
sets forth deadlines for filing suits that pertain to tangible personal
property in existence at the time of the decree or suits that relate to the
division of future property not in existence at the time of the original
decree.  Id. § 9.003.  Subchapter A does not apply to property not
divided on divorce.  Id. § 9.004.  Parties may not demand a jury in
suits to enforce decrees under Subchapter A.  Id. § 9.005.

            Section
9.006 provides, in relevant part, as follows:

            (a)
Except as provided by this subchapter and by the Texas Rules of Civil
Procedure, the court may render further orders to enforce the division of
property made in the decree of divorce or annulment to assist in the
implementation of or to clarify the prior order.

 

            (b)
The court may specify more precisely the manner of effecting the property
division previously made if the substantive division of property is not altered
or changed.

 

Id. § 9.006.

            

            Section
9.007 provides, in relevant part, as follows:

            (a)
A court may not amend, modify, alter, or change the division of property made
or approved in the decree of divorce or annulment.  An order to enforce the
division is limited to an order to assist in the implementation of or to
clarify the prior order and may not alter or change the substantive division of
property.

 

            (b)
An order under this section that amends, modifies, alters, or changes the
actual, substantive division of property made or approved in a final decree of
divorce or annulment is beyond the power of the divorce court and is
unenforceable.  

 

Id. § 9.007.

 

            Section
9.010 contains provisions for the court to reduce the award to a money judgment
in certain circumstances.  Insofar as relevant to this appeal, that section
contains the following provisions:

            (b)
If a party did not receive payments of money as awarded in the decree of
divorce or annulment, the court may render judgment against a defaulting party
for the amount of unpaid payments to which the party is entitled. 

 

            (c)
The remedy of a reduction to money judgment is in addition to the other
remedies provided by law.

 

            (d)
A money judgment rendered under this section may be enforced by any means
available for the enforcement of judgment for debt.  

 

Id. § 9.010.

 

            Except
for provisions that pertain to costs and attorney’s fees, which we will discuss
later, the remaining provisions of Subchapter A do not control this appeal.

             In
summary, then, subject to the provisions that we have quoted, a party may file
a lawsuit to enforce a property division contained in a decree of divorce or
annulment.  That lawsuit must be filed in the trial court that entered the
decree, and that court retains the power to enforce its decree.  But, while the
trial court may enter orders to assist in the implementation of the decree or
to clarify or specify more precisely the manner of effecting the division of
property as previously ordered, it may not amend, modify, alter, or change the
substantive division of the property.  If a trial court enters an order that
amends, modifies, alters, or changes the substantive division of the property,
then the trial court has exceeded its power, and its order is unenforceable.

            As
we have indicated, the parties agreed to the entry of the final decree of
divorce in this case.  Under the heading “Property to Wife,” we find the
following introductory paragraph:

            IT
IS ORDERED AND DECREED that the wife, DONNA DARLENE NORRIS, is awarded the
following as her sole and separate property, and the husband is divested of all
right, title, interest, and claim in and to that property.

 

Following that introductory paragraph, the decree contains references to
various items of property as well as to payments that specifically were to be
made to Donna.  Following a provision in which Mark was to pay $222,448 “to
DONNA DARLENE NORRIS on the day of divorce, by cash, cashier’s check, or money
order,” we find the following provision:

            W-8.
$28,000.00, payable by MARK DAVID NORRIS, in monthly installments to the
Culinary Institute, 7070 Allensby, Houston, Texas, 77022, subject to the
condition precedent that Donna Norris shall remain actively enrolled in the
Culinary Institute or said 28,000.00 [sic] or any unpaid portion shall not be
payable by MARK DAVID NORRIS.  In the event DONNA NORRIS ceases to be an active
student at the Culinary Institute for any reason, MARK DAVID NORRIS shall be
relieved of all obligation to pay any amount ordered herein.

 




 

            After
hearing the testimony, the trial court entered an order that contained, among other
things, the following finding:

            The
Court finds that Respondent [Mark] is guilty of separate violations of the
decree signed on August 29, 2008 that states in relevant part as follows: IT IS
ORDERED AND DECREED that DONNA DARLENE NORRIS, is awarded the following as her
sole and separate property, and the husband is divested of all right, title, interest,
and claim in and to that property.

 

            . 
.  .  .

 

            Respondent
failed to make payments with the Culinary Institute as ordered.

 

            As
far as provision W-8 is concerned, the trial court then granted the following
relief as contained in its order:

            The Court
finds that Respondent has failed to pay to Petitioner [Donna] money that was
awarded in the prior decree and that the amount of unpaid payments to which
Petitioner is now entitled is $19,987.00.

 

            IT
IS ORDERED that DONNA DARLENE NORRIS is granted judgment against MARK DAVID
NORRIS for $19,987.00, such judgment bearing interest at 6% per year compounded
annually from the date this order is signed, for which let execution issue.  

 

            In
order for us to consider Mark’s first issue on appeal, the questions that we
must answer are these:  Does the order of the trial court amend, modify, alter,
or change the substantive division of the property as contained in the agreed
decree of divorce, as prohibited by the Texas Family Code? or, Does it simply
enforce or clarify the decree, as permitted by the Texas Family Code?  

            In
the decree, the trial court ordered Mark to pay a certain amount to the
Culinary Institute at its address in Houston.  The enforcement order required
him to pay Donna.  Under the decree, he was to make monthly payments.  In the
enforcement order, the trial court ordered the whole amount due at once. 
Before Mark was required to pay the Culinary Institute, Donna had to be fully
enrolled there.  Under the enforcement order, it made no difference whether she
was enrolled at the Culinary Institute or not.  The parties agreed to, and the
trial court approved, a provision in the divorce decree that, if Donna ceased
to be an active student at the Culinary Institute for any reason, then Mark did
not have any obligation to pay any of the money set out in this part of the
decree.  Under the trial court’s enforcement order, it did not matter whether
Donna had ceased to be an active student at the Culinary Institute; Mark was
ordered to pay directly to Donna all of the money not already paid to the
Culinary Institute.

            We
cannot tell from the record why W-8 was written the way that it was, and we
need not ask that question.  Whether a decree is ambiguous presents a question
of law.  Brown v. Brown, 236 S.W.3d 343, 350 (Tex. App.—Houston [1st
Dist.] 2007, no pet.).  We do not look at what the trial court might have done
in the decree but, rather, at what it actually did.  Id.  If the
provision is unambiguous, it can only be enforced as written.  It is beyond the
power of a trial court to “amend, modify, alter, or change the division of
property made or approved in the decree of divorce or annulment.”  Pearson
v. Fillingim, 332 S.W.3d 361, 363 (Tex. 2011); Shanks v. Treadway,
110 S.W.3d 444, 449 (Tex. 2003).  We hold that, when the trial court entered
its order of enforcement, it amended, modified, altered, and changed the
division of property it had earlier decreed in Paragraph W-8 of the
original decree and that it erred in doing so.  Mark’s first issue on appeal is
sustained.

            The
Family Code provides that a trial court “may award reasonable attorney’s fees in
a proceeding under this subchapter.”  Tex.
Fam. Code Ann. § 9.014 (Vernon Supp. 2010).  Thus, the award of attorney’s
fees under Section 9.014 is committed to the discretion of the trial court.  We
review the award for an abuse of that discretion.  Unlike attorney’s fees under
Section 38.001 of the Civil Practice and Remedies Code, Section 9.014 does not
require that Donna prevail on her claims against Mark in order for her to
recover her reasonable attorney’s fees. Tex. Civ. 
Prac. & Rem. Code Ann. § 38.001 (Vernon 2008).  Section
9.014 simply requires that the fee award be reasonable.

            When
a trial court awards attorney’s fees to the nonprevailing party under Section
9.014 of the Family Code, it is incumbent upon it to state on the record, or in
its judgment, good cause to substantiate the award.  Jenkins v. Jenkins,
991 S.W.2d 440, 450 (Tex. App.—Fort Worth 1999, pet. denied).  Here, Donna was
the prevailing party in the trial court, and there was no reason for the trial
court to state good cause for its award of reasonable attorney’s fees to her.  However,
because we have reversed the order as to enforcement, we also reverse as to the
issue of attorney’s fees that were awarded in connection with the motion to
enforce and remand that issue to the trial court.  If the trial court awards attorney’s
fees to Donna (Mark did not have any attorney at the hearing on the motion to
enforce), those fees must be reasonable.  Also, because Donna is now the nonprevailing
party, the trial court must state good cause for the award either in its findings
or in its judgment.  Id.  Mark’s second issue is sustained.

            We
reverse the order of the trial court by which it granted judgment against Mark
for the monies originally owed to the Culinary Institute and render judgment
that Donna take nothing in regard to that claim.  We reverse the award of
attorney’s fees that the trial court awarded to Donna for services rendered by
her attorney in the enforcement action and remand that issue to the trial court
so that it might reconsider the award.

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

September 22,
2011

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.