

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00491-CV

Sam **LAJZEROWICZ**,
Appellant

v.

Estelita Ocampo **LAJZEROWICZ**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-16638
Honorable Stephani A. Walsh, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice (concurring in the judgment only)
                Irene Rios, Justice

Delivered and Filed:  January 31, 2018

AFFIRMED

This appeal arises from a post-divorce proceeding involving the division of property. Appellant Sam Lajzerowicz contends the trial court lacked jurisdiction to order the sale of the community residence because the order was not supported by the pleadings. Sam further argues that in the event the trial court had jurisdiction, the trial court abused its discretion in ordering the sale of the house because: (1) Estelita had already sold her interest in the house to him and (2) the order improperly altered the division of property as set out in the divorce decree. We affirm the trial court's order.

**BACKGROUND**

Sam and appellee Estelita Ocampo Lajzerowicz were divorced in April 2009. They are the parents of one child, who was twelve years old at the time of the divorce. Under the terms of the final divorce decree, Estelita was permitted to remain in the marital residence until the couple's child was emancipated. The decree provided that while Estelita lived in the residence, she would be responsible for maintaining the property and making the monthly mortgage payments. The decree further provided that once the child was emancipated, the residence would be sold by the parties for a mutually agreeable price, and they would equally share in the net proceeds from the sale.

In May of 2013, the couple's child was emancipated, and the record reflects that Estelita continued to occupy the community residence with no intention to move. Approximately a year later, Sam and Estelita entered into what they referred to as a written Rule 11 agreement, wherein they agreed Sam would sell his community interest in the residence to Estelita for a stipulated price of "$40,000.00, to be paid in monthly instalments [sic] of $400.00 per month with an interest rate of 9% on the unpaid balance, secured by the house." The agreement further provided that all necessary documents relating to the transaction would be completed and signed within thirty days of the date of the Rule 11 agreement. Estelita, however, never signed a promissory note or deed of trust to document the transaction.

On October 1, 2014, Sam filed a "Motion to Compel Performance of the Rule 11 Agreement, or Alternatively Motion to Enforce Rule 11 Agreement," seeking to enforce the terms of the parties' agreement. That same month, Estelita moved out of the residence and stopped making the monthly mortgage payments. Estelita also failed to make any payments pursuant to the terms of the Rule 11 agreement.

Shortly after Sam filed his motion to enforce the Rule 11 agreement, the parties agreed Estelita would sell her community interest in the residence to Sam for $10,000.00 with $3,000.00 to be paid immediately and the remaining $7,000.00 to be paid within 90 days. The parties further agreed Sam would not seek repayment of his attorney's fees or the amount he would have to pay in past-due mortgage payments. Estelita's attorney drafted a special warranty deed to document the new agreement, and Sam paid Estelita $3,000.00. Sam then took physical possession of the residence and paid all amounts due relating to the past-due mortgage payments. After the special warranty deed was filed and recorded on November 12, 2014, Sam noticed the terms "grantor" and "grantee" were erroneously used throughout the deed, and as a result, the deed provided that Estelita would pay Sam $10,000.00. Sam notified Estelita's attorney of the mistake, and a Correction Special Warranty Deed was executed. In the correction deed, the transposed terms were corrected by hand, and the changes were initialed by Estelita's attorney and Sam. Estelita did not initial or sign the correction deed. The correction deed was then filed and recorded in the Bexar County deed records. Based on this new agreement, Sam did not seek a hearing on his original motion to enforce the Rule 11 agreement.

After Sam took physical possession of the property, he discovered he was responsible for $1,745.00 in addition to the regular monthly mortgage payments because the mortgage company had not received proof of property insurance. According to Sam, Estelita did not provide him with notices the mortgage company had sent demanding proof of property insurance, and as a result, the mortgage company purchased property insurance. In addition to paying the additional property insurance and mortgage payments, Sam was also paying his and Estelita's student loans, which had been consolidated since February of 2014.

In September of 2015, Sam filed a "First Amended Motion to Divide Undivided Community Property and for Damages Caused by Violating the Terms of the Final Decree of

Divorce," asking the trial court to: (1) divide the consolidated student loan debt equally between the parties; (2) order Estelita to pay him $1,745 in damages based on her failure to forward the notices regarding the property insurance; and (3) order Estelita to pay him $2,120.90 based on her failure to pay her portion of the student loan debt. Sam also deposited the remaining $7,000.00 balance he owed Estelita into his attorney's trust account pending resolution of his motion. At the hearing on Sam's motion, the trial court ordered the community residence either to be sold or refinanced by Sam with the proceeds from the sale or funds obtained through the refinancing to be used to pay the full balance of the consolidated student loan. The trial court further ordered "the amount of the balance of the home 'equity' as determined by [the property appraiser], as of November 25, 2015 [the date of the hearing], [to be] divided 50/50 between SAM LAJZEROWICZ and ESTELITA OCAMPO LAJZEROWICZ minus the following:

    A) $1,745 to SAM LAJZEROWICZ (for [property] insurance);

    B) $954.00 reimbursed to SAM LAJZEROWICZ for two mortgage payments, for October and November 2014;

    C) $3,000 already paid to ESTELITA OCAMPO LAJZEROWICZ;

    D) One half of actual payments on student loan from February 1, 2014 to November 30, 2015, which amount to $2,120.90;

    E) One half of the cost of the appraisal[; and]

    F) One half of any and all property taxes paid by SAM LAJZEROWICZ."

In addition to its order, the trial court entered findings of fact and conclusion of law that in part, stated the special warranty deed and correction deed were facially invalid, and that the correction deed was completed and filed without Estelita's consent. Thereafter, Sam perfected this appeal.

## ANALYSIS

On appeal, Sam challenges portions of the trial court's order requiring the sale of the community residence and requiring the parties to use the proceeds from the sale to pay the consolidated student loan. Although stated as seven separate issues, we construe Sam's ultimate complaints to be that the trial court lacked jurisdiction to order the sale of the residence because nowhere in his motion did he request for the residence to be sold. Sam further argues that in the event the trial court had jurisdiction, the trial court abused its discretion by ordering the sale of the residence and for the proceeds from the sale to be used to pay the consolidated student loan because Estelita had already sold her interest in the house to him and the order improperly altered the division of property as set out in the divorce decree.

### *Trial by Consent*

Sam initially contends the trial court did not have jurisdiction to order the sale of the community residence because neither of the parties pled for such relief. As support for his argument, Sam cites Rule 301 of the Texas Rules of Civil Procedure, which requires a trial court's judgment to conform to the pleadings. Because the order did not conform to the pleadings, Sam argues the order is void. In response, Estelita argues the sale of the residence was an issue raised during the hearing and tried by consent without objection by Sam.

Rule 301 of the Texas Rules of Civil Procedure provides that a court's judgment shall conform to the pleadings. TEX. R. CIV. P. 301. Because a party's pleading invokes the trial court's jurisdiction, an order or judgment not supported by the pleadings is void for lack of jurisdiction. *Guillory v. Boykins*, 442 S.W.3d 682, 690 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The judgment must conform to the pleadings unless certain issues not raised by the pleadings are tried by express or implied consent of the parties. *Id.*

"Under the trial by consent doctrine, issues not pled but tried by express or implied consent of the parties 'shall be treated in all respects as if they had been raised in the pleadings.'" *In the Interest of M.G.N.*, 491 S.W.3d 386, 407 (Tex. App.—San Antonio 2016, pet. denied) (citing TEX. R. CIV. P. 67). This doctrine, however, only applies in exceptional cases in which it clearly appears from the record as a whole that the unpled issue was tried by the parties. *Id*.; *Guillory*, 442 S.W.3d at 690. To determine whether an issue was tried by consent, we must review the record not for evidence of the issue, but rather for evidence of a trial of the issue. *Guillory*, 442 S.W.3d at 690. An unpleaded issue may be deemed to be tried by consent when "evidence on the issue is developed under circumstances indicating both parties understood the issue was in the case, and the other party failed to make an appropriate complaint." *M.G.N.*, 491 S.W.3d at 407; *Guillory*, 442 S.W.3d at 690; *Bailey-Mason v. Mason*, 334 S.W.3d 39, 44 (Tex. App.—Dallas 2008, pet. denied). "The trial court has broad discretion in determining whether an unpleaded issue was tried by consent." *Bailey-Mason*, 334 S.W.3d at 43.

Here, at the beginning of the hearing on Sam's motion, the trial court reviewed the parties' divorce decree and asked the parties whether the community residence had been sold. Estelita's counsel informed the trial court the residence had not been sold and argued the divorce decree required the house to be listed and sold. Sam's counsel argued that the parties had agreed for Sam to purchase Estelita's interest in the residence and offered the special warranty deed and correction deed as evidence of the parties' agreement. Estelita's counsel disputed the validity of the correction deed, asserting that although Estelita signed the original deed, because Estelita did not sign the correction deed, the agreement regarding the sale of Estelita's interest in the residence to Sam was null and void. Estelita's counsel also argued Sam did not pay the $7,000.00 balance he was required to pay Estelita within 90 days. The trial court also heard testimony from Estelita,

who testified that although she accepted $3,000.00 in cash from Sam "[t]o give him back the house," she denied initialing or signing the correction deed.

Sam's counsel never raised any objection based on the absence of pleadings when Estelita's counsel argued the residence needed to be sold pursuant to the divorce decree or when Estelita testified she did not sign the correction deed. *See Guillory*, 442 S.W.3d at 691 (pointing out complaining party did not raise any objection based on absence of pleading). Rather, Sam's counsel actively participated at trial, arguing the parties had agreed for Estelita to sell her interest in the residence to Sam. *See id.* (holding record showing attorneys actively participating in trial was "evidence of trial of the issue"). Accordingly, based on the record as a whole, we conclude the record contains "evidence of [a] trial of the issue" in the form of the parties' arguments and Estelita's testimony on the record relating to the sale of the residence. *See id.*; *see also M.G.N.*, 491 S.W.3d at 407 (holding issues of dental decisions for children and dental costs were tried by consent based on evidence that jury heard testimony from parents regarding dental decisions, and at no point did anyone make no-pleadings objection). Here, the record reflects both parties developed evidence on the issues regarding the validity of the parties' post-divorce agreements concerning the sale of the house, and more specifically, whether Estelita sold her interest to Sam. Accordingly, both parties understood these issues were before the court. *See M.G.N.*, 491 S.W.3d at 407; *Guillory*, 442 S.W.3d at 690; *Bailey-Mason*, 334 S.W.3d at 44. We therefore hold that the issues relating to the parties' post-divorce agreements and whether Estelita sold her interest in the residence to Sam was tried by consent.[1]

---

[1] In his brief, Sam also argues the trial court lacked jurisdiction to order the sale of the residence because Estelita had sold her interest in the residence to Sam, and therefore, the matter was moot. We disagree. A case becomes moot and should be dismissed when there is no longer a live controversy between the parties. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012). Here, as noted above, Estelita argued the residence needed to be sold in accordance with the divorce decree. Moreover, both parties developed evidence on the issue regarding the sale of the house and whether Estelita agreed to sell her interest to Sam, establishing that a live controversy existed between the parties. *See id.*

### *Order of Sale of Residence*

Having determined these issues were tried by consent, we next turn to determining whether the trial court abused its discretion in ordering the sale of the residence. According to Sam, the trial court abused its discretion in ordering the sale because Estelita had already sold her interest in the residence to him. For support, Sam points to the original special warranty deed and correction deed as valid. In response, Estelita argues she did not sell her interest in the residence to Sam. In support of her argument, Estelita argues the transaction was null and void because she did not sign the correction deed and she did not timely receive the remaining $7,000.00.

We begin by noting that to the extent Sam argues the trial court abused its discretion in ordering the sale of the residence because Estelita had already sold her interest in the residence to him, Sam has inadequately briefed it. *See* TEX. R. APP. P. 38.1(i). Sam's brief contains only a general statement of his position on the issue, and it does not present sufficient argument nor provide any basis to support his conclusion that the trial court erred in determining Estelita did not sell her interest in the residence to Sam. *See Fernandez v. Manwani*, No. 04-16-00562-CV, 2017 WL 4272352, at *4 (Tex. App.—San Antonio Sept. 27, 2017, no pet. h.) (pointing out that merely uttering brief conclusory statements unsupported by legal citations fails to comply with Rule 38.1). Moreover, Sam's briefing on this issue provides no citations to cases analyzing how the trial court abused its discretion in making its determination that the deeds were facially invalid and thus, Estelita did not sell her interest in the residence to Sam. The only cases Sam cites in his brief concern the standard of review as well as jurisdictional arguments, which we addressed above. An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. *See* TEX. R. APP. P. 38.1(i). And although we construe briefing requirements liberally and reasonably, Sam has failed to support the substance of his argument — that the trial court's findings that the deeds were facially invalid and

Estelita did not consent to the correction deed and therefore, sell her interest in the residence to Sam were improper — with appropriate citations to legal authorities. *See Fernandez v. Manwani*, 2017 WL 4272352, at *4 (highlighting party must provide discussion of facts and relevant authorities to preserve point at issue). Accordingly, to the extent Sam has raised this issue, we conclude he has inadequately briefed it. We therefore overrule Sam's issues relating to his argument that the residence could not be sold because Estelita had already sold her interest in the residence to him.

### *Payment of Consolidated Student Loan Debt*

We next consider Sam's argument that the trial court abused its discretion by requiring the consolidated student loan debt to be paid with the sale proceeds because such an order improperly alters the division of property as set out in the divorce decree. According to Sam, the divorce decree does not contain any provision requiring the consolidated student loan debt to be paid with proceeds from the sale of the community residence.

A trial court's division of property is reviewed for an abuse of discretion. *Harton v. Wade*, No. 12–12–00158–CV, 2013 WL 2286056, at *1 (Tex. App.—Tyler May 22, 2013, no pet.) (released for publication) (reviewing post-decree division for abuse of discretion); *see Sheldon v. Sheldon*, No. 03-11-00803-CV, 2013 WL 6175586, at *3 (Tex. App.—Austin Nov. 22, 2013, no pet.) (mem. op.). "A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision." *Harton*, 2013 WL 2286056, at *1. Rather, an abuse of discretion is shown when the division of the property is manifestly unjust. *See Sheldon*, 2013 WL 6175586, at *3. The party challenging the division of property bears the burden of showing the division was not just and right. *Id.*

Section 9.201 of the Texas Family Code authorizes a trial court to order the post-divorce division of community property, which was not divided in a final divorce decree. *See* TEX. FAM.

CODE ANN. § 9.201 (West 2006); *Brown v. Brown*, 236 S.W.3d 343, 347 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Ezirike v. Anthony*, No. 01-05-00090-CV, 2007 WL 1441033, at *4 (Tex. App.—Houston [1st Dist.] May 17, 2007, no pet.) (mem. op.). "Either former spouse may file a suit as provided by this subchapter to divide property not divided or awarded to a spouse in a final decree of divorce or annulment." TEX. FAM. CODE ANN. § 9.201(a); *see Brown*, 236 S.W.3d at 347; *Ezirike*, 2007 WL 1441033, at *4. "If a court of this state failed to dispose of property subject to division in a final decree of divorce or annulment even though the court had jurisdiction over the spouses or over the property, the court shall divide the property in a manner that the court deems just and right[.]" TEX. FAM. CODE ANN. § 9.203(a) (West 2006); *see Brown*, 236 S.W.3d at 347; *Ezirike*, 2007 WL 1441033, at *4. Section 9.006 of the Texas Family Code also allows a court to render further orders to enforce the division of property; to assist in the implementation of the order; to clarify the order; and to "specify more precisely the manner of effecting the property division previously made," so long as the substantive division of property is not altered or changed. TEX. FAM. CODE ANN. § 9.006(a), (b) (West Supp. 2017); *see Brown*, 236 S.W.3d at 347. In neither case, however, may a trial court "amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment." TEX. FAM. CODE ANN. § 9.007(a) (West Supp. 2017).

Here, the divorce decree does not make any reference to the parties' consolidated student loan debt; therefore, the student loan debt was not divided in the divorce decree. However, Sam filed a motion to divide undivided community property, specifically requesting the trial court to divide the student loan debt between the parties equally. In his motion, Sam also requested the trial court to award him an offset equal to the amount of Estelita's share of the payments he had made on her behalf since February 2014. Thus, Sam properly brought forth a suit seeking the post-divorce division of property not divided in the original divorce decree as authorized under section

9.201(a) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 9.201(a); *Brown*, 236 S.W.3d at 347; *Ezirike*, 2007 WL 1441033, at \*4.

Sam appears, however, to contend the trial court abused its discretion by requiring the consolidated student loan debt to be paid with proceeds from the sale of the residence. As indicated above, when a party seeks a request for a post-divorce division of community property, the trial court shall divide the property in a manner the court deems just and right. *See* TEX, FAM. CODE ANN. § 9.203(a); *Brown*, 236 S.W.3d at 347; *Ezirike*, 2007 WL 1441033, at \*4. Nowhere in his brief does Sam contend the trial court divided the property in a manner that was not just and right. Rather, the crux of Sam's contention is that the original divorce decree did not make any reference to the consolidated student loan, and therefore, the trial court improperly altered the terms of the divorce decree by requiring the consolidated student loan debt to be paid from the net proceeds of the sale. We disagree.

Here, after determining the deeds were facially invalid, the trial court ordered the sale of the residence — thereby, rendering an order enforcing the division of property in accordance with the divorce decree. *See* TEX. FAM. CODE § 9.006(a), (b). By further ordering the student debt to be paid with the sale proceeds or refinance funds before such proceeds/funds were split equally between the parties, the trial court did not "amend, modify, alter, or change the division of property." Rather, the trial court rendered an order involving the post-divorce division of community property that was not divided in the original divorce decree. *See* TEX. FAM. CODE ANN. § 9.201(a); *Brown*, 236 S.W.3d at 347; *Ezirike*, 2007 WL 1441033, at \*4. Moreover, it disposed of the undivided property — here, consolidated student loan debt — in a manner it deemed just and right. *See* TEX. FAM. CODE ANN. § 9.201(a); *Brown*, 236 S.W.3d at 347; *Ezirike*,

2007 WL 1441033, at *4. We therefore hold the trial court did not abuse its discretion in rendering the order.[2]

**CONCLUSION**

Based on the foregoing, we overrule Sam's issues on appeal and affirm the trial court's order.

Marialyn Barnard, Justice

---

[2] In his brief, Sam also appears to contend the trial court's final order erroneously omitted a portion of a verbal ruling made at a hearing on Sam's motion to reconsider. According to Sam, the trial court stated that the proceeds from the sale of the house were to be deposited into the court registry. However, a review of the record shows the trial court made a preliminary ruling at the end of the first day of the hearing, but withheld making a final decision at that time. The record reflects the trial court held the hearing on the motion to reconsider over the course of two days, and at the end of the second day, the trial court announced its final ruling — that the proceeds from the sale were to be used to pay the consolidated student loan debt. That ruling is accurately reflected in its final written order.