Opinion issued March 6, 2026



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00263-CV
_____

## IN THE ESTATE OF DAVID LUKE BROWN, DECEASED

On Appeal from Probate Court No. 4
Harris County, Texas
Cause No. 494036-401

## MEMORANDUM OPINION

This appeal arises from a property dispute between the Decedent, David Luke Brown, and his ex-wife, Valeriya Ruzynska. Ruzynska petitioned for a post-divorce division of property and asserted breach of contract and tortious interference with prospective business relations claims against the dependent administrator of Brown's estate, Louis Ditta. Ditta counterclaimed, seeking a declaratory judgment regarding certain property and requesting that the $105,000 remaining in the court's

registry be distributed to the estate. Ditta moved for summary judgment on Ruzynska's claims, which the probate court granted. After a bench trial, the probate court awarded the requested funds to Brown's estate.

Ruzynska contends the probate court erred in granting summary judgment in favor of Brown's estate and in awarding the estate the $105,000 in registry funds.

We affirm.

## Background

On November 13, 2009, the divorce court rendered an Agreed Final Decree of Divorce (the "Decree") that dissolved Brown and Ruzynska's marriage. Thereafter, Brown and Ruzynska had ongoing disputes regarding two assets, the subject of this appeal: (1) a 22.307-acre tract of land located at 11900 East Tidwell Road, Houston, Harris County (the Tidwell property); and (2) certain Hartford Investor Annuity Contract accounts.

The divorce court found that Brown and Ruzynska owned the Tidwell property as joint tenants. The Decree equally divided the debt and the tax liability on the Tidwell property. And the Decree ordered that the Tidwell property be sold under the following conditions:

1. The portion of the [Tidwell property] containing the cell phone tower and subject to the cell phone tower lease . . . shall be partitioned and separated from the remaining 22.307 acre tract of land and the remaining 22.307 acre tract of land shall be listed with a broker as hereinafter provided.

2

2. The parties shall list the property with a duly licensed real estate broker having sales experience in the area where the property is located, provided further that the real estate broker shall be an active member in the Multiple Listing Service with the Houston Board of Realtors.

3. The property shall be sold for a price that is mutually agreeable to [the parties]. If [the parties] are unable to agree on a sales price. Heather Hughes acting as an arbitrator shall decide the sales price.

4. In the event the property does not sell before MUD or property taxes are due and a party pays those taxes, then the paying party shall be reimbursed at closing for such payments over and above his or her required 50% payment.

5. Net sales proceeds is defined as the gross sales price less cost of sale and full payment of the following:

   > a. Outstanding mortgage balance;
   > b. Outstanding property and MUD Taxes
   > c. The sum of $62,000.00 paid to [Brown] as reimbursement to his separate estate for the down payment on the property
   > d. the sum of $43,000,00 paid to [Brown] as reimbursement to his separate estate for improvements to the property.
   > e. The parties' 2008, 2009 and 2010 Federal income tax liability; If [Brown] has to pay any of the parties' 2008, 2009, and 2010 Federal Income tax liability before the property is sold, then [Brown] shall be reimbursed out of the gross sales proceeds for any funds paid by him to the Internal Revenue Service for the parties' 2008 ($144,538.00), 2009 ($19,102 estimated) and 2010 taxes ($37,096 estimated to be paid for withdrawal from his retirement funds for 2009 taxes).
   > g. Reimbursement of Greenwood Utilities District taxes or ad valorem property taxes if any are paid by a party as provided in section 4 above.
   > h. The cost of partitioning the real estate subject to the cell tower lease.

The Decree ordered the parties to distribute the "net sales proceeds" equally—50% to Brown and 50% to Ruzynska. The Decree awarded Brown the Hartford Investor Annuity Contract ending in 8060 but does not mention the Hartford Investor Annuity Contracts ending in 4171 and 4173 (the "Hartford Annuities"). Nonetheless, the Decree awarded Brown all sums of cash within his control, including accounts under his sole control, and all sums and rights related to any plan or other benefits existing by reason of Brown's past, present, or future employment. The Decree also awarded any undisclosed assets to the other party.

The divorce court found that the agreements set out in the Decree created a binding contract between Brown and Ruzynska and ordered them to comply with its terms.

In 2011, Ruzynska filed claims related to the Tidwell property and the Harford Annuities, but they were ultimately dismissed.

After Brown and Ruzynska failed to pay the taxes on the Tidwell property, the taxing authorities foreclosed on it in July 2019. The appraised value of the Tidwell property at the time was $1,223,943.00. The property sold for $905,000.00 to the highest bidder, and after the tax claims were satisfied, $708,704.94 remained in the court registry.

Brown died in 2021, and the probate court appointed Ditta as the dependent administrator of Brown's estate. In a separate action, Ditta petitioned the district

4

court on behalf of Brown's estate for a distribution of excess proceeds from the tax sale of the Tidwell property, seeking one-half of the excess proceeds plus $105,000 due to Brown under the Decree as reimbursement for the downpayment on and improvements to the Tidwell Property. Ruzynska also petitioned the district court to distribute the excess proceeds from the tax sale but asked the court to deny Ditta's request for reimbursement. The district court entered an agreed partial judgment to distribute $301,408.62 to each Ruzynska and Brown's estate but did not rule on the reimbursement claim before it was transferred to the probate court.

In 2022, Ruzynska petitioned the probate court for a post-divorce division of property and brought breach of contract and tortious interference with prospective business relations claims against Ditta. She alleged that the Hartford Annuities were undisclosed assets and requested that the probate court award her those accounts. She also alleged that she procured two firm offers from IDEA Public Schools ("IDEA") to purchase the Tidwell property, but the Tidwell property was lost to tax foreclosure because Brown did not cooperate with its sale and would only agree to sell the Tidwell property if she complied with conditions that would have been detrimental to her and would have required her to forfeit her rights under the Decree.

Ditta's answer included various affirmative defenses, including, but not limited to, statute of limitations, waiver, collateral estoppel, and unclean hands. Ditta

5

also brought a declaratory judgment counterclaim regarding the Hartford Annuities and the distribution of the remaining proceeds from the tax foreclosure sale.

Ditta then moved for summary judgment on all of Ruzynska's claims. Ditta argued he was entitled to summary judgment on Ruzynska's petition for post-divorce division of property under three alternative theories: (1) the Hartford Annuities were fully surrendered and did not exist on the date of the Decree; (2) the statute of limitations had run; and (3) Ruzynska's claims were barred by collateral estoppel. Ditta also argued that summary judgment was proper on Ruzynska's claims relating to the Tidwell property on several alternative bases: (1) Ruzynska did not perform under the Decree; (2) the IDEA offer was not in compliance with the Decree, so Brown was not obligated to consider or accept IDEA's non-compliant offer; (3) Ruzynska waived her claim; and (4) unclean hands barred Ruzynska's claim. Ditta argued summary judgment was proper on Ruzynska's tortious interference with prospective business relations claim because Brown's conduct was not unlawful or tortious and that Brown, as joint owner of the Tidwell property, had no legal obligation to consider, negotiate or accept IDEA's non-compliant offer.

The probate court granted Ditta's motion for summary judgment without specifying grounds.

After a bench trial on Ditta's counterclaim for declaratory judgment regarding the distribution of remaining excess proceeds from the tax sale, the probate court

6

granted Ditta's requested relief and held Brown's estate was entitled to the $105,000 remaining excess proceeds from the tax sale. Ruzynska did not request findings of fact or conclusions of law.

**Summary Judgment**

Ruzynska contends that her causes of action have merit and that Ditta's affirmative defenses do not apply. Ditta responds that the probate court properly rendered judgment in favor of Brown's estate on all of Ruzynska's claims based on the evidence presented and that Ruzynska's claims were barred by res judicata and collateral estoppel.

### A. Standard of Review

"We review a trial court's order granting summary judgment de novo, taking as true all evidence favorable to the nonmovant, and indulging every reasonable inference and resolving any doubts in the nonmovant's favor." *Community Health Sys. Prof'l Servs. v. Hansen*, 525 S.W.3d 671, 680 (Tex. 2017) (citation modified).

To prevail on a traditional motion for summary judgment, the movant must "show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Id.* at 681. To prevail on a summary-judgment motion, a defendant, as movant, must either disprove at least one necessary element of the plaintiff's theory of recovery or plead and conclusively establish each essential element of an affirmative defense. *Richardson-Eagle, Inc. v. William M. Mercer*,

*Inc.*, 213 S.W.3d 469, 473 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). "An issue is conclusively established if reasonable minds could not differ about the conclusion to be drawn from the facts in the record." *Hansen*, 525 S.W.3d at 680 (citation modified). Once the movant establishes he is entitled to judgment as a matter of law, the burden shifts to the nonmovant to present evidence raising an issue of material fact to preclude summary judgment. *Richardson-Eagle, Inc.*, 213 S.W3d at 473.

Because the probate court did not specify the grounds on which it granted the motion for summary judgment, we must affirm if any of the grounds alleged in the motion are meritorious. *Hansen*, 525 S.W.3d at 680.

### B. Breach of Contract

Ruzynska alleged that Brown breached the Decree by refusing to sell the Tidwell property. She asserts that the evidence she provided was sufficient to avoid summary judgment on her breach of contract claim.

To prove an action for breach of contract, a plaintiff must establish: (1) an enforceable contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the defendant's breach caused the plaintiff injury. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n. 21 (Tex. 2018).

Ditta argued that Brown had not breached the divorce decree because neither Brown nor Ruzynska had followed the terms and conditions for selling the Tidwell

property. Ditta submitted evidence establishing that both Ruzynska and Brown did not, as obligated by the Decree: (1) pay the ad valorem and Greenwood Utilities District taxes, (2) partition the cell phone tower on the Tidwell property from the remaining 22.307-acre tract of land for separate sale; and (3) mutually agree on a sales price for the remaining 22.307-acre tract of land, or if unable to agree, have Heather Hughes, as arbitrator, decide the sales price. Ditta also submitted evidence proving that the IDEA purchase agreement was not signed by Ruzynska and did not purport to convey the entire 22.307-acre tract of the Tidwell property (less the partitioned portion with the cell tower) as specified in the Decree, and thus Brown was not obligated to accept it. Ruzynska's evidence that appraisals were performed on behalf of IDEA on the 10 acre tract and the 22.307-acre tract did not raise an issue of material fact about whether Brown complied with the obligations for the sale of the Tidwell property set forth in the Decree. Viewing all this evidence in the light most favorable to Ruzynska, her breach of contract claim fails as a matter of law because she did not raise an issue of material fact on the element of breach.

For these reasons, we hold that the trial court did not err by granting summary judgment in favor of Brown's estate on Ruzynska's claim for breach of contract. Because our holding is dispositive, we need not address the remaining elements of Ruzynska's breach of contract claim and Brown's affirmative defenses. *See IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex.

2004) ("A movant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim."). We overrule Ruzynska's first issue.

### C. Tortious Interference with Prospective Business Relations

In her second issue, Ruzynska complains that the trial court erred by granting summary judgment on her claim for tortious interference with prospective business relations because material fact issues remain as to whether Brown's delay and obstruction of the sale of a portion of the Tidwell property to IDEA violated the Decree, and thus, his actions were tortious and unlawful. To prove an action for tortious interference with prospective business relations, the plaintiff must establish:

> (1) there was a reasonable probability that the parties would have entered into a business relationship; (2) the defendant committed an independently tortious or unlawful act that prevented the relationship from occurring; (3) the defendant either acted with conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's interference.

*Richardson-Eagle, Inc.*, 213 S.W.3d at 475. As for the second element, which is the focus of Ruzynska's complaint here, "[c]onduct that is merely 'sharp' or unfair is not actionable and cannot be the basis for an action for tortious interference with prospective relations . . . ." *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001).

10

Ruzyinska argues that she raised an issue of material fact precluding summary judgment on her claim because she provided evidence that Brown refused to comply with the divorce decree by not accepting the IDEA offer. But Brown had no legal obligation to accept IDEA's offer to buy ten acres of the 22.307-acre Tidwell property or to consider, negotiate, or accept anything other than an offer for the entire tract as ordered by the Decree. To sell the Tidwell property, the Decree required Brown and Ruzynska to: (1) partition the portion of the property containing the cell phone tower from the rest of the property; (2) list the remaining 22.307 acres of the property with a duly licensed real estate broker; (3) sell the remaining portion of the property at a mutually agreeable price, and if unable to agree, hire Heather Hughes as an arbitrator to decide the price; and (4) reimburse tax paying party if the property was not sold before municipal utilities district (MUD) or property taxes were due.

Both Ditta's and Ruzynska's evidence showed that the IDEA purchase and sale agreement was for 10 acres, not the entire 22.307 acres (less the partitioned portion with the cell phone tower). Additionally, the IDEA purchase and sale agreement was not signed by either Ruzynska or Brown. No summary judgment evidence raised a fact issue as to whether IDEA made an offer for the Tidwell property that complied with the Decree, or that Brown's actions were tortious or unlawful even if he did decline an offer.

11

The Decree required Brown and Ruzynska to sell the Tidwell property at a mutually agreeable price. There is no evidence that Brown acted unlawfully in allegedly refusing to sell a portion of the property according to an offer that did not comply with the terms set forth in the Decree. Ruzynska's affidavit, two undated text messages, and a document from Brown in 2010, ten years before the IDEA offer, do not raise a fact issue to the contrary.

Thus, we hold that the probate court did not err in granting summary judgment in favor of Brown's estate on Ruzynska's tortious interference with business relations claim.

We overrule Ruzynska's second issue.

### D. *Post-Divorce Division of Property*

In her third issue, Ruzynska contends the probate court erred in granting summary judgment in favor of Brown's estate on her post-divorce division of property claim. Ruzynska asserts that because Brown did not disclose the Hartford Annuities, they are Ruzynska's property according to the Decree. Her brief in this Court asserts a breach of contract action against Brown's estate regarding the Hartford Annuities. But in the probate court, she alleged only that the Hartford Annuities were not properly divided. Accordingly, we review her claim regarding the Hartford Annuities as a post-divorce division of property cause of action.

12

The Texas Family Code authorizes a trial court to order the post-divorce division of property not included in its property division at the time of the divorce. TEX. FAM. CODE § 9.201. As the party requesting post-divorce division of property, Ruzynska had the burden to prove that the Hartford Annuities existed as a community asset at the time the marriage was dissolved yet were not considered and divided by the divorce court when rendering the final divorce decree. *See Brown v. Brown*, 236 S.W.3d 343, 349 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Land v. Land*, 561 S.W.3d 624, 634 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

Ditta's evidence showed that Brown surrendered the Hartford Annuities about one year before the divorce court signed the Decree. Ruzynska did not submit evidence contradicting Ditta's evidence and thus did not raise a material issue of fact as to whether Brown held the Hartford Annuities at the time the Decree was signed. *See Wilson v. Deutsche Bank Tr. Co. Ams.*, No. 01-12-00284-CV, 2014 WL 4218630, at *4 (Tex. App.—Houston [1st Dist.] Aug. 26, 2014, no pet.) (mem. op.); *Land*, 561 S.W.3d at 634. The evidence conclusively shows that the only Hartford Annuities existing at the time of the divorce were disposed of in the Decree. *See* TEX. FAM. CODE § 9.201. Thus, the trial court properly granted summary judgment in favor of Brown's estate on Ruzynska's post-divorce division of property claim.

We overrule Ruzynska's third issue.

**Bench Trial**

## A. Standard of Review

Absent findings of fact and conclusions of law, "we must draw every reasonable inference supported by the record in favor of the trial court's judgment." *Gainous v. Gainous*, 219 S.W.3d 97, 103 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). And we must affirm the trial court's judgment if it can be upheld on any legal theory supported by the evidence. *Id.*

Where, as here, the reporter's record is supplied, the trial court's implied fact findings are not conclusive and may be challenged for legal and factual sufficiency of the evidence supporting them. *Id.* As the fact finder in a bench trial, the trial court determines the credibility of witnesses and weight to be given their testimony and to resolve any inconsistencies in testimony, and we defer to the trial court's resolution of these issues. *Miranda v. Byles*, 390 S.W.3d 543, 553 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). We may not substitute our judgment for that of the fact finder, so long as the evidence falls within the zone of reasonable disagreement. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005) "We review implied legal conclusions de novo." *Gainous*, 219 S.W.3d at 103.

## B. Award of $105,000 to Brown's estate

In her fourth issue, Ruzynska argues the $105,000 remaining in the court registry was the net proceeds from the sale of the Tidwell property. She incorporates

14

her previous claims and argues that she is entitled to the $105,000 because Brown refused to sell the Tidwell property and concealed the Hartford Annuities. Alternatively, she contends that the Decree entitles her to half of the $105,000 remaining in the court registry. Ditta responds that Ruzynska's evidence does not support her claim to the $105,000 and the trial court properly exercised its discretion to determine Ruzynska's testimony was not credible.

As we have held, Ruzynska's breach of contract and tortious interference with prospective business relations claims fail as a matter of law, so they do not support her contention that the trial court erred in awarding Brown's estate the $105,000 in the court registry. Although the Decree ordered the net sale proceeds to be divided equally between Brown and Ruzynska, the Decree defines "net sale proceeds" as the proceeds after certain payments were fully made, including $62,000 to reimburse Brown's separate estate for the down payment on the Tidwell property and $43,000 to reimburse Brown's separate estate for improvements to the Tidwell property. After those reimbursement payments to Brown's estate, there were not any net sale proceeds to be divided.

Based on the evidence presented, the trial court did not err in finding that Brown's estate was entitled to the $105,000.00 remaining in the court registry. *See Brown*, 236 S.W.3d at 348–49.

We overrule Ruzynska's fourth issue.

## Conclusion

We affirm the trial court's judgment. All pending motions are dismissed as moot.

Clint Morgan
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.